PENSACOLA STATE BANK v. MERCHANTS' & FARMERS' BANK.

(Circuit Court E. D. Louisiana.   June 28, 1910.)

No. 1,757 (13,757).

1. TRIAL (§ 177*)—QUESTIONS OF LAW OR FACT—PEREMPTORY INSTRUCTIONS.
    Where both sides ask for a peremptory instruction, without more, both thereby affirm that there is no disputed question of fact, and the judgment is conclusive, if there is any evidence at all to support the finding.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*
    Operation and effect of motions by both plaintiff and defendant for direction of verdict, see note to Love v. Scatcherd, 77 C. C. A. 8.]

2. TRIAL (§ 177*)—QUESTIONS OF LAW OR FACT—REQUEST FOR PEREMPTORY INSTRUCTION—SPECIAL INSTRUCTIONS.
    Where a party requests a peremptory instruction, and also asks for special instructions to the jury, and there are disputed questions of fact, the court, on overruling the motion to direct, should submit the case to the jury, notwithstanding the other party may have also asked for a peremptory instruction.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

3. TRIAL (§ 177*)—QUESTIONS OF LAW OR FACT—REQUEST FOR PEREMPTORY INSTRUCTION.
    Where a party wishes to avail himself of a directed verdict on part of the record, and, if it is overruled, to go to the jury on the whole record, he must specifically point out the facts on which he relies as undisputed, and if he does not do so, but moves for a verdict on all the evidence, and his adversary also moves for a directed verdict, both thereby affirm that there is no disputed question of fact before the court, and are concluded by the judgment.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

At Law.  Action by the Pensacola State Bank against the Merchants' & Farmers' Bank.  Verdict for defendant, and plaintiff moves for a new trial.  Denied.

Merrick & Lewis, P. L. Gensler, Jr., and R. J. Schwarz, for plaintiff. Jones & Tyler and A. C. & J. W. McNair, for defendant.

FOSTER, District Judge.  In this matter, at the close of all the evidence, both the plaintiff and the defendant moved the direction of a verdict.  The motion of defendant was granted, and necessarily that of plaintiff was denied.  At the time of presenting its request for a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

peremptory instruction, or immediately after it was overruled, plaintiff also presented 17 special instructions to be given the jury on the law and the facts in the case.  Plaintiff now moves for a new trial, mainly upon the ground that, upon the overruling of the motion to direct a verdict, the case should have been submitted to the jury on the special instructions requested.

The discussions of the appellate courts upon the question have been largely academic.  The decisions lay down no specific rules of practice, and offer slight aid to the trial judge in determining his course of action in the situation here presented.  It may be considered settled that where both sides ask for a peremptory instruction, and do nothing else, both affirm there is no disputed question of fact, and the judgment is conclusive, if there is any evidence at all to support the finding.  Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654.  It also appears to be settled as an abstract proposition that where a party requests a peremptory instruction, and also asks for special instructions to the jury, and there are disputed questions of fact, on the overruling of the motion to direct, the case ought to be submitted to the jury, notwithstanding the other party may have also asked for a peremptory instruction.  McCormick v. National City Bank, 142 Fed. 133, 23 C. C. A. 350; Empire State Cattle Co. v. Atchison R. R., 210 U. S. 1, 28 Sup. Ct. 607, 52 L. Ed. 931.

But it is certain that the mere fact that a party requests the direction of a verdict, and supplements the motion by requests for special charges, does not of itself require the court to submit the case to the jury, as in both the cases above cited the judgment was affirmed.  As was said by Judge Shelby, concurring in the McCormick Case:

"A party may believe that a certain fact, which is proved without conflict or dispute, entitles him to a verdict.  But there may be evidence of other, but controverted, facts which, if proved to the satisfaction of the jury, entitle him to a verdict, regardless of the evidence on which he relies in the first place."

No one can doubt that, where a state of facts exists as contemplated by Judge Shelby, it would be error not to submit the case to the jury, if it is properly requested.  But if a party moves the court to direct a verdict in his favor on all the evidence, how can he more clearly state that there is no conflict or dispute as to all the evidence.  If he desires to bring himself within the purview of the cases above cited, and believes that some fact is undisputed which entitles him to a verdict, while other facts are disputed which would also entitle him to a verdict, if the conflict resolves itself in his favor, it seems to me he should specifically call the court's attention to the fact upon which he relies in support of his motion to direct.  I do not believe that a simple, general motion, requesting the direction of a verdict, although coupled with requests for special charges of a general nature, is sufficient for this purpose.  In most cases it is proper that the jury find the facts.  There is a growing tendency, however, to attempt to subvert this function by moving the court to direct a verdict, not with any hope it will be granted, but merely thereby to foist upon the appellate court the burden of reviewing the facts.

It is incumbent upon a party, objecting to the admission of evidence, to state adequate grounds to support his objections. It is also necessary that counsel, in reserving exceptions to the court's charge, do so with clearness and certainty, and point out the exact portion to which he objects. It seems logical, by analogy, that if a party wishes to avail himself of the chance of having a verdict directed in his favor on part of the record, but, if overruled, to go to the jury on the whole record, it is but fair to the court and his adversary that he specifically show the facts he relies upon as undisputed. If he moves for a verdict on all of the evidence, as was done in this case, he undoubtedly affirms that there is no disputed question of fact before the court, and, if his adversary agrees with him, both should be concluded.

While I believe that a new trial should be refused for the reasons above stated, still, in justice to the defendant, I feel bound to say that I think, in any event, the undisputed facts in the record entitle it to a verdict.

The motion for a new trial will be overruled.