HUDSON v. NEW YORK & A. TRANSP. CO. (Circuit Court of Appeals, Second Circuit. October 19, 1910.) Appeal from the Circuit Court of the United States for the Southern District of New York. A. I. Elkus, for Empire Trust Co. J. Parker Kirlin, for complainant. Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. We think the most satisfactory disposition of the matter submitted would be to allow delivery of the boats to proceed under the order upon the second purchaser giving security in the amount of $25,000 that, in the event of the second sale being set aside, he will return the boats to the jurisdiction of this court in the same condition in which they were when taken by him. This we understand to be his offer, and we are prepared to dispose of the motion in that way, unless the first purchaser, now appellant, insists upon his right to a supersedeas, in which event he shall give sufficient security that in the event of the second sale proving abortive he will deposit in the registry of the court the sum of $76,000—himself taking the boats, and without prejudice to any claims he may have against the money so deposited. See, also, 180 Fed. 973.

---

LUTCHER & MOORE LUMBER CO. v. KNIGHT et al.† (Circuit Court of Appeals, Fifth Circuit. January 24, 1911.) No. 1,629. In Error to the Circuit Court of the United States for the Western District of Louisiana. Geo. E. Holland, for plaintiff in error. A. J. Murff and M. J. Cunningham, for defendants in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The Supreme Court having this case before it on certiorari has practically decided that the evidence rejected on the trial in the court below was admissible under the issues then presented. Lutcher & Moore Lumber Company v. Knight, 217 U. S. 257, 30 Sup. Ct. 505, 54 L. Ed. 757. That evidence, if admissible, was certainly material to the issues involved, particularly the issue of simulation vel non, and this conclusion renders it necessary to reverse the judgment of the Circuit Court and remand the cause for a new trial; and it is so ordered.

For decision below, see 156 Fed. 1022, 84 C. C. A. 679.

---

PENSACOLA STATE BANK v. MERCHANTS' & FARMERS' BANK OF BROOKHAVEN, MISSISSIPPI.† (Circuit Court of Appeals, Fifth Circuit. Feb. 7, 1911.) No. 2,129. In Error to the Circuit Court of the United States for the Eastern District of Louisiana. Edwin T. Merrick, Walter S. Lewis, Philip Gensler, Jr., Ralph J. Schwarz, and A. C. Blount, Jr., for plaintiff in error. P. Z. Jones and A. C. McNair, for defendant in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. So far as this is a suit to recover for money had and received, or, on the other hand, for money expended and paid out for defendant's account, the plaintiff has no case. If the Pensacola State Bank lost money through the transactions set forth, it was by and through the conduct of its own trusted employé, and no sufficient showing is made to warrant a transfer of the loss to the defendant. So far as the case is based upon bookkeeping alone, it has no merit. The judgment of the Circuit Court is affirmed.

For opinion below on motion for new trial, see 180 Fed. 504.

† Rehearing denied February 21, 1911.