# SENA *v.* AMERICAN TURQUOISE COMPANY.

## ERROR TO THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 73. Argued April 18, 1911.—Decided May 1, 1911.

In an action of ejectment in New Mexico, the trial court was of opinion that the boundaries under which plaintiff claimed did not include the land in dispute, and the Supreme Court of the Territory affirmed on the ground of defect in plaintiff's grant and that the evidence as to possession was too vague to raise a presumption in place of proof; and this court affirms the judgment.

Where both parties move for a ruling, and there is no question of fact sufficient to prevent a ruling being made, the motions together amount to a request that the court find any facts necessary to make the ruling; and, if the court directs a verdict, both parties are concluded as to the facts found, and unless the ruling is wrong as matter of law the judgment must stand. *Beuttell* v. *Magone,* 157 U. S. 154.

THE facts are stated in the opinion.

VOL. CCXX—32

*Mr. Frank W. Clancy*, with whom *Mr. Harry S. Clancy* was on the brief, for plaintiff in error.

*Mr. Matt G. Reynolds*, with whom *Mr. Thos. B. Harlan* and *Mr. Stephen B. Davis, Jr.* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action of ejectment for about fifty acres in Section 21, Township 15 north, Range 8 east in the County of Santa Fe, New Mexico, which the defendant holds under mining claims dating from 1885 to 1892, and located under the laws of the United States. It was brought after the plaintiff's failure to establish title, under a Mexican grant, to a large tract of which this land is alleged to be a part, in the Court of Private Land Claims and in this court on appeal. *Sena v. United States*, 189 U. S. 233. *Ibid.* 504. The decree left open the question whether the plaintiff had a perfect or imperfect title and was without prejudice to further proceedings, as in case of a perfect title the statute establishing the Court of Private Land Claims did not require a confirmation by that court. Act of March 3, 1891, c. 539, § 8. 26 Stat. 854, 857. *Richardson v. Ainsa*, 218 U. S. 289. The former decision was put on the ground of laches, but in the present suit the plaintiff offered some little additional evidence of acts indicative of possession later than any proved before. Both parties, however, moved that the court should direct a verdict. *Beuttell* v. *Magone*, 157 U. S. 154. *Empire State Cattle Co. v. Atchison, Topeka & Santa Fe Ry. Co.*, 210 U. S. 1. The court of first instance was of opinion that the boundaries of the grant under which the plaintiff claims were not proved to include the land in dispute and directed a verdict for the defendant. The judgment was affirmed by the Supreme Court of the Territory on the ground that the

grant did not appear to have been confirmed as required by a Spanish ordinance of October 15, 1752, 2 White's New Recop. 62, 63, [*51], and that the evidence of possession, &c., was too vague to raise a presumption in place of proof. The plaintiff took a writ of error and brings the case here.

The grant under which the plaintiff claims was made to Joseph de Leyba in 1728. Subject to what was said in the former decision (189 U. S. 233, 237), the boundaries on the north and east may be assumed to be established, but the others give rise to the trouble. They are "on the south by an arroyo called Cuesta del Oregano; on the west by land of Juan Garcia del las Rivas." To translate these words into things the plaintiff put in evidence a grant to Miguel Garzia de la Riba of the sitio of the old pueblo the Cienega, dated August 12, 1701, and a grant of the same property from Miguel to his son, Juan Garcia de la Riba, dated March 12, 1704, the latter bounding the property on the east by the Penasco Blanco de las Golondrinas and on the south by the canada of Juana Lopez. He also put in the will of a son of Joseph de Leyba, under whom the plaintiff claims, describing the land granted to his father as bounded on the west with lands of the old pueblo of the Cienega. The Penasco Blanco was shown to be a known natural object. It lies to the north of the north boundary of the Leyba grant, but the plaintiff says that it is to be presumed that the eastern boundary of the Riba grant, and therefore the western boundary of the Leyba grant, was a north and south straight line passing through the Penasco Blanco, and that such a line would include the land in dispute.

But there are great difficulties in the way of this conclusion. It appears that in 1788 a grant was made of land in or known as Los Cerrillos, title under which was confirmed by the Court of Private Land Claims. This tract extends to the east of the line drawn by the plaintiff

through the Penasco Blanco, the eastern boundary extending southeast and northwest from a point north of the northerly boundary of the Leyba grant to near the eastern boundary of section 21 containing the lands in dispute, as is indicated by the diagram below. There is nothing

adequate to contradict the presumption in favor of this grant, and it at once makes impossible the hypothesis that the Cienega, the land of Juan Garcia given as the western boundary of the Leyba grant extended to a straight line running south from the Penasco Blanco through the Cerrillos grant to the west of section 21. Furthermore the southern boundary of the Cienega was the canada of Juana Lopez. This seems to have been to the west of Los Cerrillos, and again to exclude the supposed straight line. The southern boundary of Leyba depended on contradictory testimony as to the existence of an arroyo of the Cuesta del Oregans in the neighborhood and was thought by the trial judge not to be made out. With regard to the pre-

sumption as to boundaries it is to be observed that the northern boundary is supposed to be a more or less irregular road, that the eastern is another road running irregularly northeast and southwest and the southern as contended for continues the same line in a somewhat more northerly direction, so that the outline of the supposed grant resembles the peninsula of Hindostan.

There are other serious questions that would have to be answered before the plaintiff could recover, adverted to in the former decision of this court and in the opinions of the two courts below in the present case. But as it is desirable not to draw into doubt any claim that the plaintiff may have to other land not now in suit, we confine ourselves to the ground taken by the trial court. It seems to us impossible to say that the plaintiff produced evidence sufficient to disturb the defendants' mining claim and the possession that it has held so long under the laws of the United States. As both parties moved for a ruling, and as there was nothing more, according to *Beuttell* v. *Magone,* 157 U. S. 154, it stood admitted that there was no question of fact sufficient to prevent a ruling being made, and the motions together amounted to a request that the court should find any facts necessary to make it; so that unless the ruling was wrong as matter of law the judgment must stand. But it hardly is necessary to invoke that principle in this case.

*Judgment affirmed.*