## LOCKHART v. TRI-STATE LOAN & TRUST CO.

(Circuit Court of Appeals, Fifth Circuit. November 16, 1920.)

No. 3478.

1. **Appeal and error ⊶997(3)—Directed verdict, on motions by both parties, conclusive if supported by any evidence.**

Where both parties move for a directed verdict, a judgment based thereon will not be disturbed, if there is evidence to support it, and a conflict in evidence becomes immaterial.

2. **Adverse possession ⊶19—Fencing for pasture constitutes.**

The fencing of land for pasturage purposes by a lessee for more than five years constitutes adverse possession under Texas law.

In Error to the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Action at law by the Tri-State Loan & Trust Company against G. E. Lockhart. Judgment for plaintiff and defendant brings error. Affirmed.

Bruce E. Oliver, of Abilene, Tex., and Ocie Speer, of Ft. Worth, Tex. (J. F. Cunningham, of Abilene, Tex., on the brief), for plaintiff in error.

Percy Spencer, of Lubbock, Tex., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Defendant in error recovered judgment against plaintiff in error in a suit in trespass to try title to a 640-acre tract of land. In addition to relying upon a record title, the petition contains this special allegation:

"That the plaintiff and those under whom it claims, and whose estate it has, have had and held peaceable and adverse possession of said tract of land, cultivating, using, and enjoying the same, and paying all taxes thereon, and claiming under deeds duly registered, for more than five years prior to the institution of this suit."

Upon the issue of record title it was shown without contradiction and by the evidence of both parties that in 1880 the state of Texas issued a patent to one F. W. Colby, and that Colby conveyed, by deed dated September 30, 1880, to one Ambrose Alexander, who is the common source of title. The next deed relied upon by defendant in error is from T. C. Reade and wife to one Martin Bilger, dated October 21, 1882, and filed for record January 29, 1883. Bilger conveyed to J. B. White August 9, 1887, and the deed was filed for record September 5, 1887. Defendant in error is the grantee of the heirs of J. B. White. The patent was filed for record on the same date as the deed from Reade to Bilger. Defendant in error also proved payment of taxes from 1885 to 1910, either by itself or by its predecessors in title. This, in brief, is the record title relied upon at the trial by defendant in error.

It thus appears that the chain of title of defendant in error fails to disclose a conveyance out of Ambrose Alexander. It is a fair inference from the testimony that defendant in error first discovered that there was a missing link in its chain of title in October or November, 1916, when it sent its agent from Indiana to Texas, and he procured an abstract of title and employed an attorney to cure the defect. Defendant in error owned no other land in the county where the land in controversy lies. Its agent met the plaintiff in error, who lived in the county where the land lies, upon his visit to Texas, at which time the agent's connection with defendant in error, as well as with its land in that county, was mentioned by him to plaintiff in error.

Plaintiff in error filed in evidence a certified copy of the will of Ambrose Alexander, dated January 11, 1913, by which he devised and bequeathed to his niece, Angelina Clemons, all of his estate, real and personal, except a small bequest of personalty; but there was no specific devise of the land in controversy. Plaintiff in error further filed in evidence a deed from the devisee, Angelina Clemons, to himself, dated April 14, 1917. He admitted that he paid only $125 for the deed, and that the land was worth at least $5,000; in other words, plaintiff in error was speculating upon the defect in the title of defendant in error.

The allegation of adverse possession was supported by proof of a lease dated in 1889 for a term of five years, and an additional lease for a period of three years, effective upon expiration of the first-mentioned lease, and there was competent evidence in that connection that the land in controversy, along with other lands, was inclosed by a fence and used by the lessees as a cattle pasture for more than five years.

At the close of the evidence, each party moved for a directed verdict, and the court granted the motion of defendant in error. Plaintiff in error did not submit any special requests to charge, either before or after the peremptory instruction, but only noted an exception to the charge of the court in favor of defendant in error. The assignments of error are aimed only at the directed verdict.

[1] Where each of the parties moves that the court direct a verdict, a judgment based thereon will not be disturbed, if there be evidence to support it. A conflict in evidence becomes immaterial. Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654; Sena v. American Turquoise Co., 220 U. S. 497, 31 Sup. Ct. 488, 55 L. Ed. 559.

[2] Whether there was evidence to support the verdict is the only question in the case. Upon the issue of adverse possession, there was evidence that the tract of land was leased and within the cattle pasture more than the statutory period of five years. Such use of land, inclosed or fenced for pasturage purposes, constitutes possession. Taliaferro v. Butler, 77 Tex. 578, 14 S. W. 191; Church v. Waggoner, 78 Tex. 200, 14 S. W. 581; Randolph v. Lewis, 163 S. W. 647; Moran v. Moseley, 164 S. W. 1093.

Inasmuch as the judgment can be upheld upon the issue of adverse possession, it becomes unnecessary to decide whether the evidence was sufficient, as contended by defendant in error, upon the other issue of record title, aided by the presumption of deed from Alexander to Reade.

The judgment is affirmed.