## HOLBROOK v. SHEPARD et al.

(Circuit Court of Appeals, Fifth Circuit. March 1, 1922.)

No. 3791.

1. Gaming ⊕48(1)—Petition for advances on purchase of cotton for future delivery held not demurrable as showing wagering contract.

A petition to recover commissions and advances for contracts made on defendant's behalf by plaintiffs for the purchase of cotton for future delivery was not demurrable as disclosing a gambling contract.

2. Frauds, statute of ⊕148(2)—Contract presumed to be in writing, if required, in absence of allegation.

On demurrer to a petition which does not allege whether the contracts sued on were in writing, it will be presumed they were in writing, if required to be by the statute.

3. Trial ⊕177—Motions by both parties for directed verdict prevent contention there was question to be submitted to the jury.

Where both parties moved for a directed verdict, and the court granted plaintiff's motion, defendants cannot assign error for failure to submit disputed questions of fact to the jury, since questions of fact are precluded under such circumstances by the judgment entered on the court's motion, if there is any evidence to support it.

4. Gaming ⊕49(1)—Contract of sale for future delivery presumed to be valid.

A contract for the sale of goods to be delivered in the future is presumed to be valid.

5. Gaming ⊕49(1)—Intention to speculate must be common to both parties, to invalidate contract for future delivery.

The burden is on the party claiming a contract for future deliveries was a wagering contract to show its invalidity, and he must prove, not only his own intention that the goods should not be delivered, but also the intention of the other party.

6. Gaming ⊕49(2)—Formal provisions of contract do not exclude evidence of intention to speculate.

If the real intention of the parties to a contract for the purchase of goods for future delivery was merely to speculate, that fact may be shown in evidence, notwithstanding a formal written contract, which solemnly declares that actual delivery is contemplated.

7. Gaming ⊕50(1)—Existence of intention to speculate is question of fact.

The question whether the parties to a contract for the purchase of cotton for future delivery intended thereby to speculate is peculiarly one of fact, to be determined by the jury or by the trial court, where both parties moved for a directed verdict.

8. Gaming ⊕49(3)—Evidence held to sustain finding actual delivery was intended, notwithstanding prima facie case under statute.

Where there was evidence by the plaintiff's, which the trial judge believed that they intended there should be an actual delivery of the goods purchased by defendants for future delivery, the prima facie evidence that a contract for such sale secured by margins was unlawful was overcome, so that the court's finding in favor of the plaintiffs was supported by evidence.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by Charles Shepard and another, composing the firm of Shepard & Gluck, against E. A. Holbrook. Judgment for the plaintiffs, and defendant brings error. Affirmed.

---

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Samuel Nesbit Evins, of Atlanta, Ga. (Jones, Evins & Moore, of Atlanta, Ga., on the brief), for plaintiff in error.

S. Holderness, of Carrollton, Ga., and Edgar Watkins, of Atlanta, Ga. (Watkins, Russell & Asbill, of Atlanta, Ga., on the brief), for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Defendants in error, as plaintiffs, recovered judgment against plaintiff in error, as defendant, for commissions and for losses on divers contracts entered into on the New Orleans Cotton Exchange, and subject to its rules and regulations, for the purchase and sale of cotton for future delivery. The petition alleged that defendant requested plaintiffs to advance, and promised to pay them, the sums of money thereafter lost on these contracts.

Demurrers to the petition, based upon its failure to allege that the contracts were in writing, and therefore within the statute of frauds, and attacking the contracts as mere wagers and unenforceable, under section 4258 of the Georgia Code, were overruled; but, inasmuch as the petition failed to allege from and to whom purchases and sales were made, the court limited plaintiffs to proof of defendant's express promise to pay. Defendant did not plead the statute of frauds, but compliance with its provisions was shown by the evidence. Defendant's answer denied the promise to pay, and affirmatively alleged that it was not the intention of either plaintiffs or defendant that actual delivery of cotton should be made, thereby raising the question, unsuccessfully sought to be raised by demurrer, of the validity of contracts for future delivery.

Plaintiffs were brokers at New Orleans, and members of the New Orleans Cotton Exchange. Defendant lived at Atlanta, and there gave orders to a local agent of plaintiffs for the purchase and subsequent sale of 2,000 bales of cotton for future delivery. The losses sued for were sustained by plaintiffs in executing these orders. Upon the issue of defendant's promise to pay, the evidence was in direct conflict. The Atlanta agent of plaintiffs testified that defendant requested him to have plaintiffs make the advances, and two of the plaintiffs testified that the defendant promised them to pay the amounts lost after, but on the same day, they were advanced. On the other hand, defendant testified the advances were made without his authority, and that he did not promise to pay the losses incurred.

Upon the issue of the intention of the parties to make or accept actual delivery of cotton, the defendant testified that he had no such intention, but was merely speculating on the rise and fall of the market price. He did not communicate that intention to plaintiffs, and, if he had done so, their Atlanta agent testified that he would not have accepted the orders. The plaintiffs themselves testified that actual delivery of cotton would have been made to defendant, or accepted from him, as the case might be, if the contracts had been kept in force, and if such delivery had been tendered or demanded. The rules and regulations of the New Orleans Cotton Exchange filed in evidence provide for the actual delivery of cotton on contracts entered into between its

members. Bought and sold slips, exchanged between plaintiffs and other members of the Exchange, evidencing purchases and sales for defendant's account in pursuance of his orders and requiring delivery, subject to these rules and regulations, were filed in evidence, as were also letters from plaintiffs to defendant notifying him of each purchase or sale, and stating that "all orders for the purchase and sale of any article are received and executed with the distinct understanding that actual delivery is contemplated, and that the party giving the orders so understands and agrees." Plaintiffs testified that they had no intention other than as disclosed by their contracts with other brokers and by their letters to defendant, and that their broker's commissions constituted their only interest in the transactions.

No exception is shown to have been taken to any evidence admitted, and no special requests to charge the jury upon the law or the facts were made by either party; but at the close of the evidence plaintiffs and defendant each moved the court to direct a verdict. In response to these motions, the court directed a verdict for the plaintiffs.

[1, 2] Error is assigned upon the order overruling the demurrer. The contention that the petition disclosed a gambling contract is untenable. A similar petition was held good in Bond v. Hume, 243 U. S. 15, 37 Sup. Ct. 366, 61 L. Ed. 565. It does not appear from the petition whether the contracts were in writing or not. On demurrer, it will be presumed they were in writing, if required to be by the statute of frauds. Tift v. Wright, 113 Ga. 681, 39 S. E. 503; Ansley v. Hightower, 120 Ga. 719, 48 S. E. 197; Allen v. Powell, 125 Ga. 438, 54 S. E. 137.

[3] Several assignments of error are based upon the failure of the court to submit to the jury the disputed questions of fact relating to defendant's alleged promise to pay and to the intention of the parties in entering into these contracts of purchase and sale of cotton for future delivery. But these assignments cannot be considered. It is well settled by the Supreme Court, as well as by decisions of this court, that where, as in this case, each of the parties to a suit moves the court to direct a verdict, and in the absence of any other motion the court does so, then, if there be any evidence to support the judgment, questions of fact are precluded, and the judgment will be affirmed, unless shown to be otherwise erroneous. Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654; Sena v. American Turquoise Co., 220 U. S. 497, 31 Sup. Ct. 488, 55 L. Ed. 559; Lockhart v. Tri-State Loan & Trust Co. (C. C. A.) 268 Fed. 523; South Atlantic Packing & Provision Co. v. York Manufacturing Co. (C. C. A.) 276 Fed. 509. The limitations upon this rule are set forth in Empire State Cattle Co. v. Atchison, etc., Co., 210 U. S. 1, 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70, and in McCormick v. National City Bank, 142 Fed. 132, 73 C. C. A. 350, 6 Ann. Cas. 544. See, also, 26 R. C. L. 1080.

[4, 5] A contract for the sale of goods to be delivered in the future is presumed to be valid. It may be shown to be invalid by proof that neither of the parties really intended that the goods should be delivered. The burden of proof is on the party attacking the validity of such a contract, and it is incumbent upon him to prove, not only his own in-

tention, but also the intention of the other party, that there should be no delivery. Irwin v. Williar, 110 U. S. 499, 4 Sup. Ct. 160, 28 L. Ed. 225; Kilpatrick v. Richter, 146 Ga. 277, 91 S. E. 51.

[6, 7] If the real intention of the parties be merely to speculate, then, of course, that fact may be shown in evidence, notwithstanding the parties have executed a formal contract which solemnly declares otherwise, and that actual delivery is contemplated. Hyman & Co. v. Hay (C. C. A.) 277 Fed. 898, decided by this court January 13, 1922. The vital question of intention in a case like the present one is peculiarly one of fact, to be determined by the jury, or by the court, where each party moves for a directed verdict. In this case, however, it is contended that there was no evidence to sustain the judgment, in view of the presumption raised by section 4262 of the Georgia Code, which provides:

"Proof that anything of value agreed to be sold and delivered was not actually delivered, and that one of the parties to such agreement deposited or secured, or agreed to deposit or secure, what are commonly known as 'margins,' shall constitute prima facie evidence of a contract declared unlawful by the terms of the preceding sections."

[8] The evidence did not show that any cotton was delivered, and if it be conceded that the advances sought to be recovered were margins, yet it remains true in this case that there was evidence furnished by the plaintiffs, which the trial judge might have believed, and which, if he did believe, was sufficient to overcome the prima facie presumption created by the statute. We therefore consider it unnecessary to determine whether the quoted statute is applicable to the orders given by the defendant to the agent of plaintiffs in Georgia and forwarded by the latter to his principals in Louisiana.

No error is made to appear by the assignments upon questions of law, and error is not well assigned upon the court's refusal to submit the questions of fact upon the record made in this case to the jury.

The judgment is affirmed.