### FREEMAN v. W. B. MOSES & SONS, Inc.

(Court of Appeals of District of Columbia. Submitted October 26, 1922. Decided December 4, 1922.)

No. 3817.

1. **Payment ⊖⟐17—Acceptance of note does not satisfy account, unless there is special agreement.**

The acceptance of a debtor's note by his creditor for the amount of an open account does not of itself discharge the cause of action on the open account, unless there is a special agreement that the note is received as payment.

2. **Trial ⊖⟐177—Request by both parties for directed verdict submits inference to court for determination.**

Where both parties request a directed verdict, they thereby assume the facts to be undisputed, and submit to the trial judge the determination of the inferences proper to be drawn therefrom.

3. **Appeal and error ⊖⟐997(3)—Finding on motion for directed verdict by both parties, supported by substantial evidence, not disturbed.**

A finding by the trial court in an action in which both parties moved for a directed verdict cannot be disturbed on review, if the record discloses substantial evidence to support it.

4. **Payment ⊖⟐73(4)—Evidence held to sustain finding note was not accepted in payment of account.**

In an action on an open account, evidence *held* to sustain the finding of the trial court, after a directed verdict was requested by both parties, that the note for the amount of the account given by the debtor to the creditor, and subsequently lost, was not given in payment of the account, so as to preclude recovery upon the account.

5. **Payment ⊖⟐67(2)—Burden is on defendant to prove note was accepted in payment.**

The burden is on a debtor to prove that a note given by him for the amount of his account was accepted under an express agreement which should be in payment of the account, and that burden cannot be said to have been met where the testimony of the two parties, who alone were present at the transaction, is in conflict.

6. **Appeal and error ⊖⟐1033(7)—Defendant in action on account cannot complain court required indemnity by plaintiff against liability on lost note.**

Where plaintiff brought an action on an account for which defendant had given a note which had been lost by plaintiff, the defendant cannot complain that the court, by analogy to the proceeding permitted by Code of Laws D. C. § 1535d, in an action on a lost instrument, required a bond to indemnify the defendant against liability on the lost note, even if that requirement was not authorized, since it was favorable to defendant.

Appeal from the Supreme Court of the District of Columbia.

Action by W. B. Moses & Sons, Inc., against Chester M. Freeman. Judgment for plaintiff on directed verdict in the Supreme Court on appeal from the municipal court, and defendant appeals. Affirmed.

⊖⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Tracy L. Jeffords and Edwin C. Dutton, both of Washington, D. C., for appellant.

S. Herbert Giesy, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. This case was begun in the municipal court by W. B. Moses & Sons, Inc., as plaintiff, against Chester M. Freeman, as defendant, for the recovery of $483.81, alleged to be due and payable upon an account for goods sold and delivered. The defendant pleaded payment, and also the statute of limitations. A trial was had, and judgment was entered for the defendant. The case was then appealed to the Supreme Court of the District. In the latter court the case was put upon trial to a jury, and testimony was introduced by the respective parties. At the conclusion of the evidence each party moved the court for a directed verdict in his favor. The court upon consideration directed a verdict for the plaintiff. Exceptions were entered by the defendant, and the case is here upon appeal, with a bill of exceptions containing all the testimony heard at the trial.

It appears without contradiction that between the dates of September 19, 1914, and November 24, 1915, the defendant made various purchases at the plaintiff's store which were charged upon account, and that on February 1, 1916, the defendant executed and delivered his promissory note to the plaintiff for the amount due and payable upon the account. The account was thereupon entered upon plaintiff's books as closed and balanced by the note. The note was made payable in three months from its date, and was in the sum of $481.41, with 6 per cent. interest from date. When the note became due according to its terms, the defendant executed and delivered a renewal note to plaintiff therefor, it being also in the sum of $481.41, at the same time paying interest in the sum of $7.22 in cash. The renewal note was dated May 1, 1916, and was made payable in 30 days after its date. This note was indorsed by the plaintiff to a bank "for collection," and was also delivered for a time as collateral for a debt, but it was not paid by the defendant when due, nor was it ever paid by him. After the note had matured, it was returned by the bank to the plaintiff, and afterwards, while still in the plaintiff's possession and overdue, it was mislaid and lost, and has never since been found.

When the loss of the note was discovered, the plaintiff elected to consider the account as revived by reason of its nonpayment, and accordingly this action was begun upon the account as above recited. The defendant does not claim that he ever actually paid the renewal note, although he claims that he offered to pay it if the plaintiff would produce it and surrender it when paid. Nor does he contend that he ever paid the account, except by the delivery of the first note. But he claims that that note was delivered by him and accepted by plaintiff in full payment and satisfaction of the account, that it was so understood at the time, and consequently that no action could thereafter be maintained upon the account. The defendant insists that un-

der such circumstances the plaintiff's remedy was to proceed in equity upon the lost instrument, with a bond of indemnity to protect defendant against it.

[1] In Sheehy v. Mandeville, 6 Cranch, 252, 262 (3 L. Ed. 215), Chief Justice Marshall said:

"That a note, without a special contract, would not, of itself, discharge the original cause of action, is not denied. But it is insisted that if, by express agreement, the note is received as payment, it satisfies the original contract, and the party receiving it must take his remedy on it. This principle appears to be well settled."

In Lyman et al. v. Bank of United States, 12 How. 225, 243 (13 L. Ed. 965), the Supreme Court of the United States approved a ruling by the Circuit Court that—

"the mere acceptance of the notes by the bank did not necessarily operate as a satisfaction, and that whether or not there was an agreement at the time to receive them in satisfaction, or whether the circumstances attending the transactions warranted such an inference, were questions for the jury."

[2, 3] And in view of the fact that at the trial below both parties requested the court for a directed verdict, the following ruling applies from the decision of the Supreme Court of the United States in Williams v. Vreeland, 250 U. S. 295, 298, 39 Sup. Ct. 438, 439 (63 L. Ed. 989, 3 A. L. R. 1038):

"The established rule is: 'Where both parties request a peremptory instruction and do nothing more, they thereby assume the facts to be undisputed and, in effect, submit to the trial judge the determination of the inferences proper to be drawn therefrom.' And upon review a finding of fact by the trial court under such circumstances must stand, if the record discloses substantial evidence to support it. Anderson v. Messenger, 158 Fed. Rep. 250, 253; Beuttell v. Magone, supra, 157; Empire State Cattle Co. v. Atchison, Topeka & Santa Fé Ry. Co., 210 U. S. 1, 8; Sena v. American Turquoise Co., 220 U. S. 497, 501; American National Bank v. Miller, 229 U. S. 517, 520; Mead v. Chesbrough Bld. Co., 151 Fed. Rep. 998, 1002; American National Bank v. Miller, 185 Fed. Rep. 338, 341."

It appears therefore that the account sued upon was not in fact finally paid and satisfied by the delivery of the debtor's promissory note therefor, unless at the time the parties had a special agreement or understanding to that effect, and furthermore that, since the trial court directed a verdict for the plaintiff after both parties had requested a directed verdict, the court's decision must stand if the record discloses substantial evidence to support it.

[4] Upon a review of the record we think that the evidence is clearly sufficient to sustain the decision in question. There were but two persons present when the first note was given by the defendant, namely, Mr. Gray, who was the credit clerk of plaintiff, and the defendant himself. Mr. Gray testified as follows concerning that transaction:

"Mr. Freeman called and seemed surprised that I expected cash. Mr. Freeman said, 'I had no idea to pay cash.' I said, 'I expected it to be cash.' He said he could not pay. I said, 'You will have to give a note;' did not say that the note was to be received same as cash; simply asked him for a note for security for the debt." Identified the note, Defendant's Exhibit A, that Mr. Freeman gave him. It was in witness' handwriting.

The defendant testified about the same interview in part as follows:

"He went down and told Mr. Gray that it was not convenient for him to make settlement. Mr. Gray said: 'Well, just give me a note. We can use it the same as cash.' Mr. Gray also said the note was used in a way to take care of an account which was owed to Mr. A. C. Moses, and the note would be used to make the payment due to Mr. A. C. Moses in the liquidation of his interest in W. B. Moses & Sons. * * * At the time this note was given it was said to pay the account. * * * It was given to pay the account, * * * just as though I had given cash. * * * Witness has paid the account by note, and he so considers it. When Mr. Gray got the note, he said it was exactly the same as cash, because he could use it as cash."

In addition to the foregoing testimony, it may be noted that on the books of the plaintiff the account in question was closed as if paid when the note was given, and afterwards, when the note was overdue and unpaid, the account was opened again with a charge of $483.81. We think, however, that these entries throw little or no light upon the question before us, since it may be assumed that the account would be closed upon the delivery of the note, regardless of whether it was intended as full satisfaction of the debt or not.

[5] Therefore the issue rests upon the conflicting testimony of Mr. Gray and the defendant. Since the burden of proof rested upon the defendant, it is fair to hold that his contention failed. But in addition to that we feel justified in saying that the defendant's statement is the less probable of the two. For when the note was given the question now in litigation was not foreseen, and it is improbable that either party gave it any consideration. The transaction then in hand was the very commonplace one of a debtor giving his promissory note in settlement of a store account, and there was no reason why the parties should then come to a special understanding as to whether the plaintiff should have a right to sue upon the account in case the note remained unpaid after maturity. It is reasonable to believe that no "special contract" or "express agreement" upon the subject, within the contemplation of Sheehy v. Mandeville, supra, was had between the parties, and that the defendant's testimony upon the particular matter in controversy, while given in good faith, may be accepted as expressing his opinion upon the legal effect of the transaction rather than his recollection of the actual occurrence.

[6] It may be noted at this point that, before judgment was entered upon the verdict below, the court directed that plaintiff should file an indemnity bond for the protection of the defendant against the lost note. Doubtless this was done by analogy to the proceeding permitted by section 1535d, District Code of Laws, approved April 19, 1920. That section provides that no suit at law founded upon a lost instrument shall be dismissed on the ground that the suit should have been brought in equity, but that a similar bond or undertaking to that required in equity shall be given as a condition precedent to judgment. Inasmuch as the present action was not brought upon the lost note, but upon the account, this action, taken from an abundance of caution and with the purpose of doing full justice between the parties, may not have been authorized; but certainly the defendant had no right to object or except because of the order, for if it were erroneous it was without prejudice to his interests or rights.

This answers the only question now presented upon the record; the plea of the statute of limitations not being insisted upon. Accordingly the judgment of the lower court is affirmed, with costs.

Affirmed.