## VIRGINIA IRON, COAL & COKE CO. v. WOODSIDE COTTON MILLS CO.

(Circuit Court of Appeals, Fourth Circuit. June 15, 1925.)

No. 2327.

1. **Appeal and error** ⬄850(2)—**Finding of law and fact made by district judge not subject to review in appellate court, where case tried by oral agreement without a jury.**

Where, after all the evidence had been taken, both sides moved for a directed verdict, and agreed in open court but not in writing that case be withdrawn from jury, and submitted it to the court, trial under such oral agreement was in nature of arbitration, and findings of law and fact made by judge were conclusive and not subject to review in appellate court.

2. **Appeal and error** ⬄850(2)—**Conclusions of law of district judge reviewable by Circuit Court of Appeals, if oral agreement to try case without jury amounted to a submission of questions of fact only.**

If oral agreement to try case without a jury amounted to a submission of only questions of fact to final decision of district judge, parties were concluded by the findings of fact, but conclusions of law were reviewable by Circuit Court of Appeals.

3. **Sales** ⬄172—**Coal company not relieved of obligation to deliver coal purchased by buyer by proof of car shortage at two of its mines.**

Under new contract, by which coal company agreed to supply contract coal to buyer from all its mines, subject only to a car shortage, coal company was not relieved from its obligation by proof of car shortage at two of its mines.

4. **Sales** ⬄81(5)—**Reasonable time implied for delivery of coal under contract, where no definite time of delivery stipulated.**

Where shortage of coal under contract was to be shipped as soon as possible, if desired and requested by purchaser, which made request from time to time, no definite time of delivery being stipulated, a reasonable time would be implied after request of purchaser.

**5. Sales ⊕⇒418(2)—Damages for seller's failure to deliver coal at reasonable intervals after request by buyer stated.**

Measure of damages for seller's failure to deliver coal at reasonable intervals after request by buyer was the difference between the contract price and average market price for months during which seller failed to meet buyer's call for coal at reasonable intervals.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Action by the Virginia Iron, Coal & Coke Company against the Woodside Cotton Mills Company, with counterclaim by defendant. From the judgment allowing defendant's counterclaim plaintiff brings error. Affirmed.

B. F. Martin, of Greenville, S. C. (Martin & Blythe and E. M. Blythe, all of Greenville, S. C., and L. A. Nuckols, of Roanoke, Va., on the brief), for plaintiff in error.

H. J. Haynsworth, of Greenville, S. C. (C. F. Haynsworth and Haynsworth & Haynsworth, all of Greenville, S. C., on the brief), for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. This action was for the recovery of the purchase price of coal sold by plaintiff, Virginia Iron, Coal & Coke Company, to the defendant, Woodside Cotton Mills Company. Defendant admitted liability for the price of coal delivered, but set up a counterclaim for damages arising from the alleged breach by plaintiff of its contract to deliver coal. The only matters in issue on the trial were the validity and amount of the counterclaim.

The trial was conducted in the usual way before the judge and jury until the evidence had all been taken. At that point both sides moved for a directed verdict, and agreed in open court but not in writing that the case be withdrawn from the jury and submitted to the court. The case was then taken from the jury, and thereafter the district judge filed a written opinion sustaining the counterclaim for damages for breach of the contract, and ordered judgment to be entered in favor of the plaintiff for the amount claimed, less defendant's damages for the coal undelivered.

[1] There was no instruction by the judge to find a verdict and no verdict by the jury. The testimony was withdrawn from the jury and submitted to the judge for his decision.

We see no escape from the conclusion that in reality the district judge tried the case by oral agreement without a jury. A trial under such an oral agreement is in the nature of an arbitration and the findings of law and fact made by the judge are conclusive and not subject to review in the appellate court. Campbell v. United States, 224 U. S. 99, 32 S. Ct. 398, 56 L. Ed. 684.

[2] As there may be doubt as to the correctness of this view of the agreement to submit the issues to the judge, we consider the case under the construction of the agreement most favorable to the plaintiff, namely, that the agreement was intended to be a request for a directed verdict from both sides, and amounted to a submission of the questions of fact only to the final decision of the judge. If this view be taken, the parties are concluded by the findings of fact by the district judge, but his conclusions of law are reviewable by this court. Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654; Sena v. American Turquoise Co., 220 U. S. 497, 31 S. Ct. 488, 55 L. Ed. 559.

The contracts were in writing, and the parol evidence made no serious issue of fact. The decision depended on the construction of the written agreements. The first contract of April 27, 1922, was for the sale by the coal company to the cotton mill of the mill's estimated requirements of 9,000 tons of coal, to be delivered from its Linden and Tom's Creek mines in approximate equal monthly installments, beginning May 1, 1922, and ending April 30, 1923. The contract provided for increase and decrease of price in proportion to any increase or decrease in mine wages. It also provided that deliveries should be subject to delays caused by car shortage or other causes beyond control of the seller. Owing to alleged car shortage at the mines mentioned, the coal company in September, 1922, had fallen behind in its deliveries of coal.

[3] By correspondence beginning with the letter of the cotton mill dated September 28, 1922, and ending with the letter of the coal company dated October 18, 1922, the cotton mill agreed to pay an increase of price of 79 cents a ton on account of the increase of price of mine labor; and the coal company agreed, subject to car shortage, to deliver to the cotton mill its full tonnage including past shortage, and 70 cars of coal in addition, using if necessary coal from its other mines. This correspondence clearly proved a new contract that the coal company would supply the entire contract coal from all its

mines, subject only to car shortgage at all its mines. There was undisputed proof of car shortage after this time at Linden and Tom's Creek, the mines. mentioned. in the original contract, but no proof of car shortage at the other mines of the coal company. The district judge therefore correctly held as a conclusion of law that the plaintiff had not made the proof necessary under the new contract to relieve it of the obligation to furnish all the coal called for by the original contract and the 70 cars additional.

[4, 5] This shortage of coal was to be shipped as soon as possible if desired and requested by the cotton mills. The cotton mills made the request from time to time. As no definite time of delivery was stipulated, a reasonable time will be implied after the request or demand of the cotton mill. Allowing that the shortage of coal should have been delivered at reasonable intervals after the request of the cotton mill, there was no injustice in measuring the damages for breach of the contract by the difference between the contract price and the average market price for the months of October, November, and December, 1922, and January, 1923, during which months the plaintiff failed to meet the defendant's calls for coal at reasonable intervals.

By parity of reasoning, we find no error in the measure of damages for the failure to ship domestic coal.

The issue of waiver of defendant's claim to domestic coal was decided in favor of the defendant, and is not reviewable here.

Affirmed.