## LARABEE FLOUR MILLS CORPORATION v. CITY FLOUR & GRAIN CO.

(Circuit Court of Appeals, Fourth Circuit. October 20, 1925.)

No. 2228.

I. Trial ⟨⟩177—Determination of facts submitted to court by request of both parties for directed verdict.

By request of both parties for directed verdict, determination of the facts is submitted to the court.

**2. Appeal and error ☞997(3)—Finding on request by both parties for directed verdict is final.**

Court's determination of facts, submitted to it by request of both parties for directed verdict, is final.

**3. Sales ☞150(1)—Buyer relieved from liability by seller's cancellation of contract before time for performance.**

Seller having breached its contract by canceling it in advance of time for performance, forfeits its right of recovery thereunder, and relieves buyer from liability.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Action by the Larabee Flour Mills Corporation against the City Flour & Grain Company. Judgment for defendant, and plaintiff brings error. Affirmed.

R. B. Paslay, of Spartanburg, S. C. (Evans & Galbraith, of Spartanburg, S. C., on the brief), for plaintiff in error.

Jesse W. Boyd, of Spartanburg, S. C. (L. K. Brice and Brown & Boyd, all of Spartanburg, S. C., on the brief), for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. Plaintiff in error instituted this action in the United States District Court for the Western District of South Carolina, to recover damages for the alleged breach of a contract entered into with the defendant in error on the 9th of August, 1920, whereby plaintiff in error contracted to sell, and the defendant to purchase, 1,000 barrels of flour at $12.60 per barrel. This contract was made in behalf of the plaintiff in error by J. J. Wilkes, and on behalf of the defendant in error by W. B. Harrison, and set forth particularly the terms and conditions of the payments thereunder, to be made by draft drawn on a bank at Spartanburg, S. C., the home place of the defendant corporation, time of shipment 60 days; and further provided that the contract was to be subject to confirmation by the seller at Atlanta, Ga., and that the terms and conditions were to be binding on both parties to the contract, and could not be modified except by their written consent, and no verbal conditions, warrants, or modifications should be valid. The contract also provided for extensions of the times of delivery, and the method of procedure in case of default on the part of the parties in carrying out the same. Simultaneously with entering into the contract, Wilkes, acting in behalf of his company, made the following provision for extension:

"City Flour & Grain Co., Spartanburg, S. C.—Gentlemen: With the attached contract for 1,000 barrels Larabee's flour for shipment in 60 days, it is hereby agreed between buyer and seller that the Larabee Flour Mills Corp. will not force shipment on the buyer City Flour & Grain Co., or make any carrying charge on this contract, before March 1st, 1921. All other parts of this contract shall be binding on both buyer and seller. [Signed in ink] J. J. Wilkes. This 8/9/20 [written in pencil]. The above will apply on contract extended 11/4/20. J. J. Wilkes. 11/4/20."

On the 9th of August, 1920, plaintiff in error wired defendant in error from Atlanta, Ga., "Confirm you thousand barrels Dixie Dream twelve sixty subject freight changes," and on August 10th, 1920, a letter of confirmation was also written, as follows:

"We confirm sale made you August 9, 1920, by J. J. Wilkes, as follows: 1,000 bbls. Dixie Dream Flour 98 lb. Cot. basis at $12.60 per bbl. f. o. b. mill—freight allowed Spartanburg. Terms: Arrival draft bank Bank of Spartanburg. Time of shipment 60 days. Subject adjustment of freight rates. For local office. [Signed] Larabee Flour Mills Corporation, by C. T. Bramblett, Branch Manager."

On the 13th of August, defendant in error wrote plaintiff in error as follows:

"Dear Sirs: Attention Mr. Bramblett. In your letter confirming flour sale made to us by your Mr. Wilkes, you failed to confirm the conditions on which this sale was made. Please confirm this by return mail. We are not uneasy but what this part of the contract will be all right, as it is, but Mr. Wilkes explained that it would have to be confirmed by you. Thanking you for your prompt attention, we are,

"Yours very truly,

"[Signed] City Flour & Grain Co."

On the 17th, of August, plaintiff in error wrote defendant in error in reply, thanking them for the contract, and saying, among other things:

"Replying to your letter of August 13th in regard to flour sold you by our Mr. J. J. Wilkes some few days since. You may rest assured that your contract will be looked after in the manner which Mr. Wilkes described to you. * * *"

The memorandum of the extension made in pencil, signed on the 4th of November,

1920, seems to have been the result of an extension of the contract made on that day at plaintiff in error's request, and caused doubtless in part by the desire not to put upon the face of the original paper the matter of the extension to March 1, 1921, on account of some regulation prescribed by the Southeastern Millers' Exchange, of which plaintiff in error was, and defendant in error was not, a member, and the controversy came about chiefly because of the refusal of the plaintiff in error to accede to the extension of the time of delivery under the contract to March 1, 1921, and of their demand for deliveries at what they claim to be the expiration of the time thereof, on the 4th of November, 1920, as of which date they canceled the contract, and subsequently instituted suit to recover the difference between the market price of the flour on that day, and the price named in the contract, to wit, $2.40 per barrel, which, together with the entry charge of 50 cents per barrel, made a total of $2,900.

Was this extension of the time of delivery of the flour to the 1st of March, 1921, valid and binding between the parties?

Upon this question, issue was joined, a jury impaneled, and the case fully heard, with the result that at the conclusion of all the testimony both sides moved the court for an instructed verdict; and the learned Judge of the District Court, upon full consideration of the evidence, reached the conclusion that the extension of deliveries to the 1st of March, 1921, was a part and parcel of the contract entered into with plaintiff in error's approval, and that, having breached their contract by canceling the same on the 4th of November previous, they were not entitled to recover, and directed a verdict for the defendant in error, and dismissed the suit, with costs to the defendant. It is as to the correctness of this decision in the respect mentioned that we have to pass.

[1, 2] Where, as here, both parties asked for a directed verdict, they thereby submitted to the court the ascertainment and final determination of the facts of the case; and its conclusion in that respect is final and binding upon the parties to the controversy, and which this court should accept and enforce in the proper disposition of the case. Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654; Empire State Cattle Co. v. Atchison, T. & S. F. R., 210 U. S. 1, 28 S. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70; Sena v. American Turquoise Co., 220 U. S. 497, 31 S. Ct. 488, 55 L. Ed. 559; Crescent

Mfg. Co. v. Patterson (4 C. C. A.) 195 F. 382, 115 C. C. A. 284; New York v. Third Nat. Bank (2 Cir.) 221 F. 175, 137 C. C. A. 75; Williams v. Vreeland (3 Cir.) 244 F. 346, 352, 156 C. C. A. 632; Lockhart v. Tri-State Loan & Trust Co. (C. C. A. 5 Cir.) 268 F. 523, 525; Richman, etc., v. Mulcahy (C. C. A. 3 Cir.) 269 F. 786, 788; Martin v. Richmond F. & P. R. Co. (4 C. C. A.) 3 F.(2d) 26, 28.

[3] Plaintiff in error, having breached its contract by canceling the same in advance of the time of its performance, thereby forfeited its right of recovery thereunder, and relieved the defendant in error from liability. Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953, and cases cited; The Eliza Lines, 199 U. S. 119, 128, 26 S. Ct. 8, 50 L. Ed. 115, 4 Ann. Cas. 406; Central Trust Co. v. Chicago, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580.

The decision of the District Court should be affirmed, with costs.

Affirmed.

The late Judge WOODS concurred in the affirmance of the judgment below, but died before he passed upon the above opinion.