## REYNOLDS v. ZARLENGO et al.

Circuit Court of Appeals, Eighth Circuit.
November 12, 1927.

No. 7885.

Appeal and error ⚖══997(3)—Ruling on conflicting evidence against plaintiff, not reserving right to go to jury, if motion for directed verdict were denied, must stand.

Where both parties moved for directed verdicts at conclusion of all the evidence, the case was submitted to the court for his judgment on the law and evidence, and, sole question of sufficiency of plaintiff's evidence to establish his case as pleaded having been determined against him on conflicting evidence, such ruling must stand, in absence of reservation of right by plaintiff to go to jury if his motion were denied.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Ejectment by Arthur G. Reynolds against G. Zarlengo and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Cass M. Herrington, of Denver, Colo., for plaintiff in error.

Hudson Moore, of Denver, Colo. (Wilbur F. Denious, of Denver, Colo., on the brief), for defendants in error.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

POLLOCK, District Judge. Error to review a judgment in an ejectment action brought by plaintiff in error (hereinafter called "plaintiff") against defendants in error (hereinafter styled "defendants").

The action was based on the claimed right of plaintiff to recover certain premises leased to defendant Zarlengo to operate coal mines thereon. The ground of the action is: That said lease had been forfeited by the failure to pay installments of rental accrued under the terms of the contracts of lease. The contracts of lease consist of an original lease dated September 18, 1918, between plaintiff and defendant Zarlengo, as thereafter modified by two subsequent agreements dated March 12, 1918, and September 17, 1925. Defendant the Shamrock Company was a sublessee under Zarlengo. While the original lease is quite lengthy in its terms, in brief, it provided for the payment of rentals reserved by the deposit of the same in the Colorado National Bank at Denver of ten cents per ton on all coal mined on the premises on or before the tenth day of each month to the credit of the lessor. It appears all royalties or rentals reserved in this lease and the subsequent agreement of modification of March 12, 1919, were promptly paid. The claimed right of forfeiture arose out of the modification of September 17, 1925. From this instrument it appears it was thought by the parties an operating coal company which had theretofore mined coal from the premises under a subcontract of lease from Zarlengo, named the National Fuel Company, had not truthfully reported the correct amount of coal mined or royalties it was agreed to be paid. By this modification of the original lease the lessee, Zarlengo, was to begin an action to recover such royalties as it was by the parties thought should be recovered on a true and just accounting of coal mined from the premises. That plaintiff would waive the right of forfeiture of said lease, because such rentals or royalties of ten cents per ton had not been paid that were not reported by the operating company, and that on the recovery in said action plaintiff was to have a first lien for the payment of ten cents per ton royalty under his lease to Zarlengo, and in case such amount of recovery should not be paid in cash, and a lien should be given to secure the same on the machinery placed in the mine operating the lease, such machinery should be regarded as the property of the plaintiff until his claim should be fully paid off and discharged; but that Zarlengo should have the right to use the same upon payment as rental therefor of a royalty of two cents per ton from the coal mined from the premises at the same time, same manner, under the same penalties for failure to pay as provided for nonpayment of the original royalty of ten cents per ton. It is for alleged failure to promptly pay this added penalty of two cents per ton the plaintiff attempted to forfeit the lease.

The case was tried to a jury, and at the conclusion of all the evidence both parties moved for an instructed verdict on all the evidence and pleadings. The trial court ruled the evidence offered by plaintiff was not sufficient to entitle him to the forfeiture claimed; hence overruled his motion, but sustained

the motion of defendants for a directed verdict, and a verdict and judgment for defendants was entered. Plaintiff brings error.

Under this record it is clear the case was one of submission to the court for his judgment on the law and evidence. In Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654, Mr. Justice White in delivering the opinion of the court, said:

"The request, made to the court by each party to instruct the jury to render a verdict in his favor, was not equivalent to a submission of the case to the court, without the intervention of a jury, within the intendment of Rev. Stat. §§ 649, 700. As, however, both parties asked the court to instruct a verdict, both affirmed that there was no disputed question of fact which could operate to deflect or control the question of law. This was necessarily a request that the court find the facts, and the parties are therefore concluded by the finding made by the court, upon which the resulting instruction of law was given. The facts having been thus submitted to the court, we are limited in reviewing its action, to the consideration of the correctness of the finding on the law, and must affirm, if there be any evidence in support thereof."

In Sena v. American Turquoise Co., 220 U. S. 497, 31 S. Ct. 488, 55 L. Ed. 559, Mr. Justice Holmes, in delivering the opinion of the court, said:

"A judgment entered on a verdict directed by the court, after both parties had moved for such direction, must stand, unless the court's ruling is wrong as a matter of law."

To like effect are many cases, such as Crescent Mfg. Co. v. Patterson Co. (C. C. A.) 195 F. 382, Dickinson v. Harris (C. C. A.) 242 F. 926, and many other cases.

While it is true, as shown from the record, defendants, in moving for an instructed verdict, reserved the right to go to the jury in case same was denied, however, the plaintiff did not make any such reservation, but relied on its motion for a verdict. As the sole question was one of the sufficiency of the plaintiff's evidence to establish his case of forfeiture as pleaded, and, as that question was determined against the plaintiff on conflicting evidence, the same must stand as ruled by the trial court.

From an examination of the record the question of prompt payment of the increased two cents on the ton of coal mined might well be thought to have been waived. In any event, there was but little grounds for forfeiture of the leases in this case.

It follows the judgment of the trial court is right, and, being right, it must be affirmed.