## HARRIS v. LIPSCOMB LUMBER CO.
### No. 3825.

Circuit Court of Appeals, Fourth Circuit.
June 3, 1935.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

John Kerr, Jr., of Warrenton, N. C., and Edwin H. Malone, of Louisburg, N. C. (Murray Allen, of Raleigh, N. C., on the brief), for appellant.

J. Melville Broughton, of Raleigh, N. C., and George E. Haw, of Richmond, Va., for appellee.

### NORTHCOTT, Circuit Judge.

This is an action at law brought in the District Court of the United States for the Eastern District of North Carolina, by the appellant, hereinafter referred to as the plaintiff, against the appellee, hereinafter referred to as the defendant. After the cause was at issue, and before the trial, an auditor was appointed by the court to state the account between the parties. Hearings were held before the auditor, at which evidence was offered on behalf of both plaintiff and defendant. The auditor filed a report in which he settled the account between the plaintiff and the defendant, arising under two admitted written contracts, and found that the plaintiff was indebted to the defendant in the sum of $5,618.52. It was claimed by the plaintiff that there was a verbal agreement made simultaneously with the written contracts, and, in his report, the auditor stated that he did not pass upon matters arising under the alleged parol agreement, but left these questions to be settled by the court. No exceptions to the report of the auditor were filed by either party.

The case was tried below at the special May term, 1934, and, at the conclusion of the evidence offered by the plaintiff, defendant, offering no evidence, moved for a directed verdict, whereupon the plaintiff also moved for a directed verdict. The court allowed the defendant's motion and directed a verdict in its favor, upon which verdict judgment was entered, from which action of the court this appeal was brought.

On April 10, 1930, plaintiff and defendant entered into two written contracts, one with regard to the sale of sawmill machinery by the defendant to the plaintiff, and the other with respect to the running of said sawmill by the plaintiff in the sawing of certain timber for the defendant. The first of these contracts contained, among other provisions, the following: "The above constitutes the entire contract between the vendor and vendee, and no oral agreement or statement shall in any way be binding upon the parties hereto or change or affect this contract."

The plaintiff admitted the execution of these contracts, but based his action chiefly upon an alleged verbal agreement simultaneous with the written contracts. At the trial the judge below excluded all evidence with regard to the verbal agreement that in any way contradicted or varied the terms of the written contracts.

Where, as here, both parties move for a directed verdict without reserving the right to go to the jury, the parties are concluded by the findings of the trial judge, unless there is no substantial evidence to support them. As was said by Judge Soper in Barringer v. Dinkler Hotels Co. (C. C. A.)

61 F.(2d) 82, 83: "Both parties moved for a directed verdict. It is the settled rule, when the parties in an action at law take this course, that ' "they thereby assume the facts to be undisputed and, in effect, submit to the trial judge the determination of the inferences proper to be drawn therefrom.' And·upon review a finding of fact by the trial court under such circumstances must stand if the record discloses substantial evidence to support it.' Williams v. Vreeland, 250 U. S. 295, 298, 39 S. Ct. 438, 439, 63 L. Ed. 989, 3 A. L. R. 1038."

See, also, Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654. Mariano F. Sena v. American Turquoise Company, 220 U. S. 497, 31 S. Ct. 488, 55 L. Ed. 559.

An examination of the evidence offered by the plaintiff at the trial leads us to the conclusion that there was substantial evidence to support the findings of the judge. The evidence of the plaintiff himself did not make a case, and nothing was submitted on his behalf upon which the finding of any damage could be based. In addition to this, the report of the auditor, which the judge below stated he did not consider in arriving at his conclusion in directing a verdict for the defendant, showed that, based upon the written contracts alone, the plaintiff was indebted to the defendant.

It is urged on behalf of the plaintiff that the trial court erred in excluding evidence as to the alleged simultaneous verbal agreement between the parties which varied the terms of the written agreement. In this ruling the court was clearly right. It is not necessary to cite authorities supporting the proposition that, where a written contract is entered into, evidence of a contemporaneous oral agreement is not admissible to vary the terms of the written contract. We know of no authority to the contrary, and have repeatedly held this to be the rule. This is especially the ·case where the written contract provides, as did one of those here, that it embodied all the terms of the entire contract.

Other exceptions as to the rejection of certain evidence are not important enough to merit discussion.

On motion of the defendant the court allowed a nonsuit as to its counterclaim against the plaintiff, as set up in its answer and shown by the report of the auditor.

The evidence of the plaintiff was vague and uncertain to such an extent that no verdict could have been based upon it; there was no evidence of any breach of the written contracts entered into; the report of the auditor, after taking evidence and after a full investigation, showed the plaintiff indebted to the defendant; and the alleged verbal contract endeavored to be set up by the plaintiff was not legally provable.

The judgment of the court below is accordingly affirmed.