### JELIN v. HOME INS. CO.
No. 5168.

Circuit Court of Appeals, Third Circuit.

July 6, 1934.

Paul W. Ewing, of New Brunswick, N. J., and Andrew Van Blarcom, of Newark, N. J., for appellant.

Arthur T. Vanderbilt, of Newark, N. J., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the District of New Jersey. On December 23, 1930, the appellant became the owner of a fifteen-room property located in Middlesex county, N. J. On January 13, 1931, the prior owner, with the consent of the appellee, assigned a fire insurance policy, written by the appellee and then in force, to the appellant. At the time of the sale there was no tenant on the premises nor had there been one in possession for a few weeks. The appellant held the property for sale rather than rental, so that from December, 1930, to June, 1931, neither he nor a tenant was in possession. Except for some matting, an old brass bed, an old straw mattress, and a chair with a broken back which were in a room on the third floor, the house was empty. The property was destroyed by fire on June 23, 1931, and the appellant thereupon brought suit in the court below upon the policy. At the first trial, the sole question submitted to the jury was one of damages and the jury returned a verdict for the appellant in the sum of $13,000. The court ordered a new trial, at the conclusion of which it directed a verdict for the appellee and entered judgment thereon. This appeal is from that judgment.

Numerous defenses were relied upon by the appellee upon the first trial, but upon the second the only issue raised was whether the appellee was relieved of liability because the premises were vacant for a period longer than the policy permitted. The policy contains the following standard provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto shall be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days."

This provision, however, was modified by an endorsement or rider in favor of the assured which reads: "Permission is hereby granted: For mechanics to be employed for additions, alterations, and repairs without

limit of time, and this insurance to extend thereto; to keep and use not exceeding one quart of benzine, naphtha or other volatile substance for domestic purposes in each housekeeping apartment; to use gas, electricity and/or kerosene oil for lighting, heating and/or cooking purposes; to use steam, hot water, coal stoves, hot air furnaces and/or grates for heating; to remain vacant during any changes of tenants, or while awaiting a tenant, not exceeding sixty consecutive days at any one time and unoccupied for not exceeding eight consecutive months in any one year and for other insurance without notice until required."

The appellee successfully maintained at the second trial that the terms "vacant" and "unoccupied" are not synonymous; that the property was in fact vacant for more than sixty consecutive days; and that the policy was therefore void. The appellant argued that the terms are synonymous, but that, even conceding that they are not, the appellee cannot avoid liability by virtue of the provision of the rider unless it proves vacancy for more than sixty consecutive days and unoccupancy for more than eight consecutive months. The court below considered the etymology and common usage of the words "vacant" and "unoccupied" and concluded that they had different meanings. An excellent discussion of the distinction between the two words is contained in the leading case of Herrman v. Adriatic Fire Insurance Co., 85 N. Y. 162, 39 Am. Rep. 644, where the court said: "A dwelling-house is chiefly designed for the abode of mankind. For the comfort of the dwellers in it, many kinds of chattel property are gathered in it. So that, in the use of it, it is a place of deposit of things inanimate and a place of resort and tarrying of beings animate. With those animate far away from it, but with those inanimate still in it, it would not be vacant, for it would not be empty and void. And as a possible case, with all inanimate things taken out, but with those animate still remaining in it, it would not be unoccupied, for it would still be used for shelter and repose. And it is because, in our experience of the purpose and use of a dwelling-house, we have come to associate our notion of the occupation of it with the habitual presence and continued abode of human beings within it, that that word applied to a dwelling always raises that conception in the mind. Sometimes, indeed, the use of the word 'vacant,' as applied to a dwelling, carries the notion that there is no dweller therein; and we should not be sure always to get or convey the idea of an empty house, by the words 'vacant dwelling' applied to it. But when the phrase 'vacant or unoccupied' is applied to a dwelling-house, plainly there is a purpose—an attempt to give a different statement of the condition thereof; by the first word, as an empty house, by the second word, as one in which there is not habitually the presence of human beings."

We think that the drafters of the New Jersey standard fire insurance policy deliberately discriminated in their use of these words. Otherwise the use of both words in the same paragraph in the rider would have been a needless repetition.

As we construe the terms of the rider, it enlarged the rights of the insured by permitting enumerated exceptions, which, but for the benefit of the rider, would have made the policy void. The first exception relates to the employment of mechanics; the second to the use of volatile substances for domestic purposes; the third to the use of gas, electricity, or kerosene oil for certain purposes; the fourth to the use of enumerated means for heating; the fifth to the privilege of remaining vacant for a period not exceeding sixty consecutive days at any one time; the sixth to the privilege of remaining unoccupied for a period not exceeding eight consecutive months in any one year; the seventh to carry other insurance. Nowhere do we find in the rider an expressed intention of the parties that the insurer was to be free from liability only if the insured premises were vacant for more than sixty consecutive days and unoccupied for more than eight consecutive months. We think that the exceeding of any one of the privileges enumerated as exceptions in this clause would be sufficient to void the policy. So if benzine were kept upon the premises for other than domestic purposes or kerosene oil were stored upon the premises for purposes of sale, the privilege granted by the rider would have been exceeded and the policy would thereupon become void. In the instant case it is uncontradicted that the appellant permitted the premises to remain vacant for more than the sixty days allowed in the rider. We conclude that the learned trial court was not in error in directing a verdict for the appellee.

Judgment affirmed.