157 U.S. 154 (1895)
BEUTTELL
v.
MAGONE.
No. 118.
Supreme Court of United States.
Argued December 19, 1895.
Decided March 11, 1895.
ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.
*157 Mr. Edwin B. Smith for plaintiff in error.
Mr. Assistant Attorney General Whitney for defendant in error.
MR. JUSTICE WHITE, after stating the case, delivered the opinion of the court.
The contention is advanced that as each party below requested the court to instruct the jury to return a verdict in his favor, this was equivalent to a stipulation waiving a jury and submitting the case to decision of the court. From this premise two conclusions are deduced; first, that, there being no written stipulation, the decision below cannot be reviewed upon writ of error; second, that, even if the request in open court, made by both parties, be treated as a written stipulation, the correctness of the decision below cannot be examined, because it is in the form of a general finding on the whole case, and findings of the court upon the evidence are reviewable only when they are special.
The request, made to the court by each party to instruct the jury to render a verdict in his favor, was not equivalent to a submission of the case to the court, without the intervention of a jury, within the intendment of Rev. Stat. §§ 649, 700. As, however, both parties asked the court to instruct a verdict, both affirmed that there was no disputed question of fact which could operate to deflect or control the question of law. This was necessarily a request that the court find the facts, and the parties are, therefore, concluded by the finding made by the court, upon which the resulting instruction of law was given. The facts having been thus submitted to the court, we are limited in reviewing its action, to the consideration of the correctness of the finding on the law, and must affirm if *158 there be any evidence in support thereof. Lehnen v. Dickson, 148 U.S. 71; Runkle v. Burnham, 153 U.S. 216.
There was obviously no disputed question of fact. The plaintiff introduced proof tending to show that the rugs had been woven as rugs on a loom prepared for that purpose, and which was therefore not suitable for weaving carpeting; that they contained materials used in making rugs which were not the kind or quality of materials used in making carpets; that their size, shape, pattern, back, and other qualities made them distinctly rugs eo nomine as distinguished from rugs made "from portions of carpet or carpeting." From this evidence was deduced the conclusion of law that they were dutiable as rugs at 40 per cent ad valorem. Defendant's testimony tended to show that the rugs were called Wilton rugs, were a plush fabric, (which was not traversed by the plaintiff's testimony,) and hence were of a "like character and description" with Wilton carpet. Upon these facts the defendant based his claim that as matter of law they were dutiable at the rate imposed on such carpets. From this undisputed evidence, then, arose the legal question whether rugs of the kind stated, not being "portions of carpet or carpeting," were taxable as Wilton carpets, because they were of like character or description, that is, because they were plush fabrics. Wilton carpets were also a plush fabric. The correctness of the ruling below depends upon an interpretation of the language of the statute which we quote:
"Saxony, Wilton, and Tournay velvet carpets forty-five cents a square yard, and in addition thereto 30 per centum ad valorem.... Carpets and carpetings of wool, flax, or cotton, or parts of either, or other material not otherwise herein specified, 40 per centum ad valorem; and mats, rugs, screens, covers, hassocks, bedsides, and other portions of carpets and carpetings shall be subjected to the rate of duty herein imposed on carpets or carpeting of like character or description; and the duty on all other mats not exclusively of vegetable material, screens, hassocks, and rugs shall be forty per centum ad valorem." 22 Stat. 509, 510.
It is clear that rugs in the generic sense are specifically *159 dutiable as such under the foregoing provisions. The imposition of a different duty on rugs of a particular kind is an exception to the general rule established by the statute. The exception is as "to rugs, screens, covers, hassocks, bedsides, and other portions of carpets and carpetings," which are made to pay the duty imposed on "carpets and carpetings of like character and description." The obvious construction of this language is that which makes the words "other portions of carpets and carpetings" qualify the enumerated articles, and of course if they be thus construed, only rugs made from "portions of carpets and carpetings" would be subject to the exceptional classification.
It is urged that this interpretation is erroneous, because the limiting words "other portions of carpets and carpetings" simply qualify the last of the enumerated articles, that is, the word "bedside," and none other. It is self-evident that the qualifying words must be held to relate to some of the items embraced in the enumeration which they qualify. To hold otherwise would be to read them out of the statute. Do they qualify all or one is the question. To hold that they qualify only one of the items of the enumeration is to make that item an exception, and therefore make the statute operate an absurdity. If the qualifying words only apply to "bedsides," then all the other items enumerated, viz., "mats, rugs, screens, covers, and hassocks," are dutiable at the rate imposed on "carpets and carpetings of like character and description," although they be not made from "other portions of carpets and carpetings," whilst "bedsides," whatever may be their similarity to "carpets or carpetings," will only be dutiable at the rate of carpets and carpetings if made from pieces of carpets. It cannot be supposed the intention of the statute was to operate this inequality or to work out this unjust result. The articles are all enumerated together, and the manifest purpose is that all of them shall pay a like duty under similar conditions. We cannot violate the express language in order to dissociate things classed together by the law, and thus make one of the class subject to a higher duty than the others, although they be of like character and description.
*160 We think the purpose of the statute, plainly conveyed by its text, was to tax carpets as enumerated therein. That the effect of its language and its intent were also to tax rugs, made as rugs, and clearly distinguishable as such, by reason of their process of manufacture, size, shape, pattern, etc., at the duty imposed on rugs, but to tax rugs made from pieces of carpets or carpetings at the rate imposed on the carpet from which they were made, since, although answering the purpose of a rug, they were really carpeting itself, being made from parts or portions thereof. A construction contrary to that which we thus reach having been adopted by the court below, its judgment is
Reversed, and the case remanded with directions to grant a new trial.