### McCORMICK v. NATIONAL CITY BANK OF WACO.

(Circuit Court of Appeals, Fifth Circuit. January 16, 1906.)

No. 1,446.

WRIT OF ERROR—REVIEW—EFFECT OF REQUESTS FOR DIRECTION OF VERDICT

Where requests for direction of a verdict are made by both parties, they are concluded by the finding of the court as to the facts, and the only question reviewable is the finding on the law, and the reviewing court must affirm if there be any evidence in support thereof.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3474, 3475; vol. 46, Cent. Dig. Trial, § 400.]

In Error to the Circuit Court of the United States for the Western District of Texas.

J. E. Boynton and Chas. A. Boynton, for plaintiff in error.

J. B. Scarborough, J. N. Gallagher, H. N. Atkinson, and A. C. Prendergast, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. After evidence taken in this case each party requested the court to instruct the jury to return a verdict in his favor, thereby both affirming that there was no disputed question of fact which could operate to deflect or control the question of law, and necessarily requesting that the court find the facts. The parties are therefore concluded by the findings made by the court upon which the resulting construction of law was given, and this court in reviewing the action of the Circuit Court is limited to the consideration of the correctness of the finding on the law, and must affirm if there be any evidence in support thereof. Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654.

We find ample evidence in the record to support the conclusion of the court, and the judgment of the Circuit Court is therefore affirmed.

SHELBY, Circuit Judge (concurring). I concur in the judgment of affirmance, because I find no reversible error in the record; but I am not of opinion that the plaintiff in error lost any right in this court by merely requesting the trial court to direct a verdict in his favor.

The doctrine announced in Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654, should not be extended to cases in which there are disputed questions of fact, nor to cases in which the parties

ask other instructions in the event the peremptory instructions asked by them, respectively, are not given. In Beuttell v. Magone, supra, neither party asked to submit to the jury any disputed question of fact, and the court said: "There was obviously no disputed question of fact." In a case where there is such conflict in the evidence as to require it to be submitted to the jury, there is no reason why, and the Supreme Court does not hold that, a party may not ask for a peremptory instruction in his favor without depriving himself, if the court decides he is not entitled to it, of the right to have the jury pass on the controverted issue of fact in the case. Although both parties may ask the court to direct the verdict, if there is conflict in the evidence or conflicting inferences to be drawn from it, the court may properly submit it to the jury. Farnum v. Davidson, 3 Cush. 232; Lake Superior Iron Co. v. Drexel, 90 N. Y 87  It is not an unusual practice to ask for peremptory instructions, and there is no valid reason why such a request should deprive a party of the constitutional right to have controverted questions of fact tried by jury. The fact that the other party afterwards makes the same request does not affect the question in cases where there is a conflict in the evidence, nor in cases where the party prays for other instructions if his request for a peremptory instruction is denied. In Beuttell v. Magone, supra, the court expressly held that:

"The request, made to the court by each party, to instruct the jury to render a verdict in his favor, was not equivalent to a submission of the case to the court without the intervention of a jury within the intendment of Rev. St. U. S. §§ 649, 700 [U. S. Comp. St. 1901, pp. 525, 570]."

A party may believe that a certain fact which is proved without conflict or dispute entitles him to a verdict. But there may be evidence of other, but controverted, facts which, if proved to the satisfaction of the jury, entitles him to a verdict, regardless of the evidence on which he relies in the first place. It cannot be that the practice would not permit him to ask for peremptory instructions, and, if the court refuses, to then ask for instructions submitting the other question to the jury. And if he has the right to do this no request for instructions that his opponent may ask can deprive him of the right. There is nothing in Beuttell v. Magone, supra, that conflicts with this view when the announcement of the court is applied to the facts of the case as stated in the opinion.

In New York there are many cases showing conformity to the practice announced in Beuttell v. Magone, but they clearly recognize the right of a party who has asked for peremptory instructions to go to the jury on controverted questions of fact if he asks the court to submit such questions to the jury. Kirtz v. Peck, 113 N. Y. 226, 21 N. E. 130; Sutter v. Vanderveer, 122 N. Y. 652, 25 N. E. 907.

The fact that each party asks for a peremptory instruction to find in his favor does not submit the issues of fact to the court so as to deprive the party of the right to ask other instructions, and to except to the refusal to give them, nor does it deprive him of the right to have questions of fact submitted to the jury if issues are joined on which conflicting evidence has been offered. Minahan v. G. T. W. Ry. Co. (C. C. A.) 138 Fed. 37.