INDIANAPOLIS TRACTION AND TERMINAL COMPANY
*v.* VAUGHN.

[No. 9,312. Filed November 13, 1917.]

1. APPEAL. — *Review.* — *Directed Verdict.* — *Conclusiveness.* — Where both parties moved for a peremptory instruction, and defendant after its motion had been denied and plaintiff's motion had been granted, made no request for submission to the jury, the request for a directed verdict amounted to an admission that there was no conflict in the testimony and a request that the facts be determined by the court, and the finding made is conclusive on appeal if there is any evidence to support it. p. 582.

2. STREET RAILROADS.—*Collision in Streets.—Action.—Evidence.* *—Sufficiency.—Negligence.—Contributory Negligence.*—In an action against a street railroad company for injuries sustained in a collision with a street car, evidence tending to show that plaintiff, as he was about to drive a team and wagon over the car tracks at a street intersection, looked for approaching cars but saw none, that when he got upon the tracks he was struck by a car that did not sound the gong or give other signal of

Indianapolis Traction, etc., Co. *v.* Vaughn—65 Ind. App. 581.

its approach, that the headlight was insufficient for cars running in the locality where the accident occurred, and that the car was traveling at such a high rate of speed that plaintiff was thrown fifty feet when struck and the car ran 100 feet after the accident before it was brought to a stop, is sufficient to warrant the conclusion that plaintiff was free from contributory negligence and that defendant was negligent. p. 583.

3. APPEAL.— *Review.— Directed Verdict.— Damages.— Submission to Jury.—Failure to Object.—*In an action for personal injuries, where the trial court, after directing a verdict for plaintiff, submitted to the jury the question of damages, and defendant made no objection before the verdict was returned and no claim that the practice was erroneous until filing its motion for a new trial, it could not complain on appeal.   p. 585.

4. APPEAL.— *Review.— Evidence.— Sufficiency.—* Where inferences may be drawn from the evidence which will support the decision of the trial court, the judgment will not be reversed on the ground of insufficiency of evidence.   p. 585.

From Marion Superior Court (97,113) ; *Theophilus J. Moll,* Judge.

Action by Isaac Vaughn against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*W. H. Latta* and *F. Winter,* for appellant.
*William E. Reiley* and *Paul G. Davis,* for appellee.

IBACH, P. J.—Appellee sued appellant to recover damages for personal injuries alleged to have been received by him in a collision between his wagon and one of appellant's cars at a street crossing.

The case was submitted to a jury; but at the close of plaintiff's evidence, which was all the evidence introduced, defendant (appellant) moved for a peremptory instruction in its favor which was denied and exception reserved; thereupon plaintiff (appellee) moved for a like instruction in his favor, which was granted. The record discloses also ·that, after appellant's motion had been overruled and appellee's motion had been granted, no request on appellant's

part was made that the whole case, or any part of it, should be left with the jury for their consideration. Under such a state of facts the request of both parties for a directed verdict amounts to an admission that there was no conflict in the testimony and a request that the facts be determined by the trial court. *Deeter* v. *Burk* (1915), 59 Ind. App. 449, 107 N. E. 304, 306, and cases cited. And the finding made by the court is conclusive here if there is any evidence to support it. *Deeter* v. *Burk, supra; Merwin* v. *Magone* (1895), 70 Fed. 776, 17 C. C. A. 361.

The same proposition has been stated in this language: "The effect of a request by each party for a direction of a verdict in his favor clothed the court with the functions of the jury, and it is well settled that in such case where the party whose request is denied, does not thereupon request to go to the jury on the facts, a verdict directed for the other party stands as would the finding of a jury, for the same party, in the absence of any direction, * * *. All the controverted facts and all inferable facts in support of the judgment will be deemed conclusively established in favor of the party for whom the verdict was directed." *Thompson* v. *Simpson* (1891), 128 N. Y. 270, 283, 28 N. E. 627, 630.

Appellant insists that the evidence does not show negligence on its part. There is evidence in the record tending to show that no gong was sounded or 2. signal of any kind given by appellant before it ran one of its cars against appellee's wagon. The evidence also showed that the car ran with such force against appellee's wagon as to leave one-half of it on the west side of the track, forty feet from the place where the collision occurred, and the other half, with the mules attached, was found on the east side of the track. Appellee was thrown fifty feet from the place

of collision and the car ran about 100 feet after the collision occurred before it was stopped. The headlights were the same as used on the city cars, but were insufficient for cars running in the locality where there were no street lights. At that crossing persons intending to board the cars would strike matches to stop the cars, and, when standing at the crossing and looking at an approaching car, it was impossible to ascertain how far away it was at any time. Appellee testified that he drove his wagon east to the turn of Forty-fifth street where it intersects Pennsylvania street, then turned his wagon to the right and drove south fifty feet and crossed at the regular Forty-fifth street crossing. He looked south "to see if a car was approaching when he first reached Pennsylvania street which was just as he turned south, and before he crossed the track he again looked north. He saw no car coming and no lights, and heard no gong or other signal." One witness testified that the night was dark and he saw the headlight but he could not tell how far it was from the crossing. Appellee's mules and a portion of the wagon had passed over the crossing when the collision occurred, and appellee at the time was carrying a lighted lantern in his left hand on his left knee.

This, together with the other evidence introduced at the trial, is sufficient to warrant the conclusion that appellant was negligent; that appellee was free from negligence, and that the proximate cause of appellee's injury was the negligence of appellant in failing to give any warning signal of its approach, operating the car without a proper light, and with such speed as to cut through appellee's wagon and then run a distance of approximately 100 feet after the collision before the car was brought to a stop. If the car had been equipped with a better light, or if it had been running slower, and a warning signal given when approaching the cross-

MAY TERM, 1917. 585

Indianapolis Traction, etc., Co. *v.* Vaughn—65 Ind. App. 581.

ing, appellee might have passed over the crossing without injury, but these were all questions of fact for the consideration of the trier of the facts, and they have all been determined against appellant. We are unable to say as a matter of law that there is no evidence to support the court's finding.

It is also contended that the court erred in submitting the question of the amount of appellee's damages to the jury after the instruction had been given 3. directing a verdict for appellee. There seems to be authority supporting the practice adopted by the trial court in cases of unliquidated damages. *Murch Bros., etc., Co.* v. *Johnson* (1913), 203 Fed. 1, 121 C. C. A. 353. Furthermore, appellant was not harmed by this procedure and is in no position to complain. The bill of exceptions shows that there was no objection made at the time to this question being left to the jury, nor was there any objection after the jury retired, nor at any time before the verdict was returned, and no claim of error was made by appellant until the motion for a new trial was filed.

Where a party to a suit consents to the method of procedure adopted by the trial court and makes no objection and reserves no exception at the proper time, he cannot be heard to complain afterwards in this court. *Houk* v. *Citizens' Nat. Bank* (1912), 51 Ind. App. 628, 99 N. E. 437; *Merchants' Nat. Bank* v. *Nees* (1916), 62 Ind. App. 290, 110 N. E. 73, 76, 112 N. E. 904.

The evidence in this case on the question of appellee's contributory negligence is not such as requires us to say that he was guilty of contributory negli- 4. gence as a matter of law. Inferences may very properly be drawn from the evidence which will support the decision of the court, and in such case this court will not reverse on the ground of insufficiency of

the evidence. *Bright Nat. Bank* v. *Hartman* (1915), 61 Ind. App. 440, 109 N. E. 846, 850.

We are satisfied, therefore, that the evidence was not such as required the court to hold as a matter of law that appellee was guilty of contributory negligence, or that appellant's negligence was not the proximate cause of appellee's injury.   On the other hand, we believe that the evidence and the facts to be legitimately inferred therefrom warranted the court in directing a verdict for appellee.

Other kindred questions are discussed by appellant, but as none of them, in any event, would change the result announced, we deem it unnecessary to extend this opinion.

Judgment affirmed.

NOTE.—Reported in 117 N. E. 673.   See under (1) 4 C. J. 903; (2) 36 Cyc 1600, 1605.