## KLEINE v. HOUK.

[No. 11,080.    Filed April 4, 1922.]

APPEAL.— Trial.— Peremptory  Instructions.— Request  by  Both
Parties.—Effect.—The request by both parties for the direction
of a verdict amounted to a submission of the whole case to the
trial judge, it being, in effect, a joint withdrawal of the case
from the jury, and the decision of the judge stands on the same
basis as the verdict of a jury, and will not be disturbed on ap-
peal for insufficiency of evidence, where supported by some evi-
dence.

From Lake Superior Court; Virgil S. Reiter, Judge.

Action by Herman F. Kleine against William F. Houk.
From a judgment for defendant, the plaintiff appeals.
Affirmed.

McMahon & Conroy, for appellant.

Ibach, Gavit, Stinson & Gavit, for appellee.

ENLOE, J.—This was an action by the appellant
against the appellee, a physician, to recover damages
for alleged malpractice in setting a broken arm.

The complaint which was in one paragraph was an-
swered by a general denial.  The issues thus formed
were submitted to a jury for trial.  At the conclusion
of appellant's evidence the appellee tendered and re-
quested the court to instruct the jury to find for the
appellee.  Thereupon the appellant moved the court to
instruct the jury peremptorily to find in his favor.  The
court denied said motion of appellant and sustained the
said motion of the appellee.  The jury being instructed
accordingly returned a verdict for the appellee.  The
appellant thereupon filed his motion for a new trial
which being overruled he now prosecutes this appeal.
And the overruling of his said motion for a new trial
is the only error assigned.

The appellant contends that the evidence in the rec-
ord with all the legitimate inferences which a jury might

reasonably draw from it is sufficient to sustain a verdict in his favor, and upon the evidence most favorable to appellant the trial court could have drawn an inference of liability and that therefore the trial court erred in sustaining the motion of appellee and in giving said instruction.

Had the appellant not requested a peremptory instruction in this case in his favor there would be merit in his contention. The law seems to be well settled that the request by both parties for the direction of a verdict amounted to a submission of the whole case to the trial judge. It is, in effect, a joint withdrawal of the case from the jury and the submission of the entire case to the court for its decision which then stands upon the same basis as the verdict of a jury. *Deeter, Admr.*, v. *Burk* (1914), 59 Ind. App. 449, 107 N. E. 304, and authorities there cited; Ann. Cas. 1913C 1342 (note).

The burden of proof in this case as to every material fact alleged in his complaint was upon the appellant. The trial court by its action found that this burden had not been discharged, and therefore gave the instruction requested by the appellee. Both parties having requested peremptory instructions the trial court of necessity had to consider the evidence and it having considered the evidence and found against appellant, we, upon the record before us, cannot disturb this finding.

The judgment is affirmed.