GOINGS v. DAVIS, DIRECTOR GENERAL OF RAILROADS.

[No. 11,651. Filed November 21, 1923. Rehearing denied March 20, 1924. Transfer denied December 10, 1924.]

1. TRIAL.—*Directed verdict requested by both parties amounts to withdrawal of cause from jury.*—Where a cause is submitted to a jury for trial, and, at the conclusion of plaintiff's evidence, or at the conclusion of all the evidence, each party requests the court to instruct the jury to return a verdict in his favor, such action is, in effect, a joint request for the withdrawal of the cause from the jury, and for the submission of the same to the court for its decision. p. 232.

2. TRIAL.—*When both parties request directed verdict, court may refuse both and decide the issues.*—Where, at the conclusion of plaintiff's evidence, each party requested the court to instruct the jury to return a verdict in his favor, there was no error in the action of the court in refusing to give either of the instructions requested and rendering a decision on the issues submitted for trial. p. 232.

3. APPEAL.—*Sufficiency of evidence on appeal.*—Where there was some evidence to sustain the decision of the trial court, it is sufficient on appeal. p. 233.

4. APPEAL.—*When questions of fact may arise from uncontradicted evidence.*—Questions involving ultimate facts arise from uncontradicted evidence where the primary facts established thereby might lead men of equal fairness and intelligence to draw different inferences therefrom. p. 233.

5. MASTER AND SERVANT.—*Employers' liability law abolished the defense of contributory negligence when employee's injury resulted from his obedience to order of employer, with certain exceptions.*—The Employers' Liability Act (§8020b Burns 1914) abolishes the defense of contributory negligence where an employee's injury resulted from such employee's obedience to an order from his employer to which he was obliged to conform, but it does not eliminate contributory negligence as a defense under all circumstances when the employee is injured while obeying an order to which he was obliged to conform; it remains as a defense when the injury was received by reason of the negligent manner in which he carried out the order. p. 234.

6. MASTER AND SERVANT.—*Contributory negligence, under employers' liability law, a question of fact.*—Under the Employers' Liability Law (§8020b Burns 1914), where an employee is injured while carrying out an order of his employer to which he was bound to conform, the question of whether he was guilty of contributory negligence is one of fact unless the evidence is not only uncontradicted, but of such a conclu-

sive character that the facts established thereby admit of only one reasonable inference in that regard, namely, that his negligence in carrying out the order did or did not proximately contribute to his injury.  p. 234.

From Sullivan Circuit Court; *William H. Bridwell*, Judge.

Action by Fred Goings against James C. Davis, Director General of Railroads, as Agent.  From a judgment for defendant, the plaintiff appeals.  *Affirmed.*

*Lindley & Bedwell* and *T. Morton McDonald*, for appellant.

*Beasley, Douthitt, Crawford & Beasley* and *Hays & Hays*, for appellee.

BATMAN, J.—This is an action by appellant against appellee to recover damages for personal injuries, alleged to have been sustained by the former while in the employ of the latter, in railroad service.  After the joining of issues on the complaint, the cause was submitted to a jury for trial.  At the conclusion of appellant's evidence, each party filed a motion requesting the court to instruct the jury to return a verdict in his favor.  Thereupon, the court withdrew the cause from the jury, found for appellee, and rendered judgment accordingly.  Appellant filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

It is well settled that where a cause is submitted to a jury for trial, and each party, at the conclusion of plaintiff's evidence, or at the conclusion of all the evidence, requests the court to instruct the jury to return a verdict in his favor, such action is, in effect, a joint request for the withdrawal of the cause from the jury, and for the submission of the same to the court for its decision.  *Deeter* v. *Burk* (1914), 59 Ind. App. 449; *Indianapolis Traction, etc., Co.* v. *Vaughn* (1917), 65 Ind. App. 581; *Kline* v. *Houk*

(1922), 78 Ind. App. 146, 134 N. E. 872. It follows, therefore that the court did not err in refusing to give either of the requested instructions, or in withdrawing the case from the jury on the implied request of the parties, and rendering a decision on the issues submitted for trial.

The only other reasons for a new trial contained in appellant's motion therefor are that the decision of the court is not sustained by sufficient evidence, and

3. is contrary to law. An examination of the record discloses some evidence to sustain the decision of the court. This, as has often been held, is sufficient on appeal. *Indianapolis Traction, etc., Co.* v. *Vaughn, supra; Toledo, etc., R. Co.* v. *Milner* (1915), 62 Ind. App. 208; *Cassidy* v. *Ward* (1919), 70 Ind. App. 550. No reason appearing to justify a conclusion that the decision of the court is contrary to law, we hold that appellant has failed to show any error in overruling his motion for a new trial.

The judgment is, therefore, affirmed.

## ON PETITION FOR REHEARING.

BATMAN, J.—Appellant contends, on his petition for rehearing, that the court determined this appeal on a question of fact, when there is no question of

4. fact involved, since the evidence is uncontradicted. He appears to assume that where the evidence is uncontradicted, no questions of fact ever follow, but only questions of law. This is not true. On the contrary, questions involving ultimate facts always arise from uncontradicted evidence where the primary facts established thereby might lead men of equal fairness and intelligence to draw different inferences therefrom. *National Surety Co.* v. *State* (1913), 181 Ind. 54; *Inland Steel Co.* v. *King* (1915), 184 Ind. 284; *Pittsburgh, etc., R. Co.* v. *Dove* (1916), 184 Ind. 447.

It is also contended that, since this is an action under the Employer's Liability Act of this State, in which it is charged that appellant received his injuries while obeying an order of one of appellee's employees, to which he was obliged to conform, that contributory negligence is not a defense, under the following provision thereof:

"No such injured employee shall be held to have been guilty of negligence or contributory negligence where the injury complained of resulted from such employee's obedience or conformity to any order or direction of the employer or of any employee to whose orders or directions he was under obligation to conform or obey, although such order or direction was a deviation from other rules, orders or directions previously made by such employer." §8020b Burns 1914.

It has been held, however, that this provision of the act does not eliminate contributory negligence as a defense under all circumstances, but that it remains a defense where an employee receives an injury, not from the mere fact that he obeyed the order, but by reason of the negligent manner in which he carried it out. *S. W. Little Coal Co.* v. *O'Brien* (1916), 63 Ind. App. 504; *Jackson* v. *Pirtle* (1920), 75 Ind. App. 336. If, therefore, it be admitted, that the evidence is of such a character, that we can say, as a matter of law, that appellee was guilty of one of the alleged acts of negligence, and it be further admitted that such injuries were sustained while appellant was obeying an order of appellee to which he was obliged to conform, the question of appellant's contributory negligence would still remain, to be determined as a matter of fact, unless the evidence is not only uncontradicted, but of such a conclusive character that the facts established thereby admit of only one reasonable inference in that regard. The evidence, however, is not of this character. If

we accept the descriptive evidence of the surroundings, conditions and circumstances under which appellant received his injuries as uncontradicted, the facts established thereby do not show conclusively that appellant's injuries *resulted* from a conformity to the alleged order, and not from a want of due care in the manner in which he carried it out. The determination of that question was, therefore, one of fact and not one of law. The trial court, we must presume, found against appellant on that question of fact, and, as there is some evidence to sustain such finding, it suffices on appeal, as stated in our original opinion.

The petition for rehearing is denied.