McKINNEY ET AL. *v.* CRAWFORD.

[No. 12,607. Filed February 2, 1927. Rehearing denied May 27, 1927. Transfer denied May 15, 1928.]

*John E. Sedwick,* for appellants.
*George W. Long,* for appellee.

NICHOLS, J.—Action by appellee against appellant a tenant holding over after the expiration of a written

lease, commenced March 2, 1925, before a justice of the peace of Johnson county. After a trial and disagreement of the jury, the venue was changed on appellants' application to another justice of the peace before whom there was judgment for appellee. Appellants appealed to the circuit court, and thereafter, on appellants' application, the venue was changed to the Bartholomew Circuit Court, where there was a trial, October 9, 1925, resulting in a judgment for appellee. The only error assigned is the court's action in overruling appellants' motion for a new trial, under which appellants present what seems to the court, on the face of the record, to be but technical objections to the proceedings at the trial of a meritorious action for possession of real estate.

The justice of the peace had jurisdiction. The action was not on a written lease of real estate, but against a tenant holding over. In such cases, the jurisdiction of the justice of the peace is concurrent with the circuit court. §9558 Burns 1926; *Scott* v. *Willes* (1890), 122 Ind. 1, 22 N. E. 786; *Miller* v. *Citizens Building, etc., Assn.* (1912), 50 Ind. App. 132, 98 N. E. 70.

At the close of appellee's evidence, appellants filed a motion for a directed verdict in their favor. Immediately, appellee filed a similar motion for a directed verdict in his favor. Appellants' motion was overruled and appellee's motion was sustained. Appellants thereupon requested the withdrawal of their motion to instruct the jury, which request was denied. Appellants complain of this action of the court as reversible error. When each party, as here, filed his motion for a directed verdict, this was, in effect, a request for a withdrawal of the case from the jury, and its submission to the court. *Kleine* v. *Houk* (1922), 78 Ind. App. 146, 134 N. E. 872; *Goings* v. *Davis,*

*Director* (1923), 82 Ind. App. 231, 141 N. E. 473, 143 N. E. 174.

After the court had sustained appellee's motion, which, in effect, amounted to announcing a finding for appellee, it did not err in refusing appellants' request to withdraw their motion for an instructed verdict. Such motion had already been denied and was no longer before the court. Even if there had been error in permitting appellee at the trial to amend his complaint as to the amount of damages, such alleged error is mentioned only in appellants' motion for a new trial. Nothing is thereby presented for our consideration.

Judgment affirmed.

DAUSMAN, J., absent.