## COOPER v. COOPER.

[No. 15,003.   Filed January 25, 1935.   Rehearing denied
April 19, 1935.]

*Beasley, Aikman, O'Brien & Beasley, Jerdie D. Lewis,*
and *A. J. Padgett* for appellant.

*Walter F. Wood,* and *Kessinger & Hill,* for appellee.

DUDINE, P. J.—This was an action instituted by appellant January 22, 1927, to recover money allegedly held in trust for him by appellee.

The complaint was in three paragraphs. The first and third paragraphs of complaint were withdrawn. The second paragraph of complaint alleged that on the 22nd day of December, 1879, appellant "deposited" four thousand dollars ($4,000.00) with appellee and T. P. Cooper; that they executed a "certificate of deposit" covering said deposit, which certificate was in words and figures as follows:

"Merom, Indiana, Dec. 22, 1879.

Received of William Cooper the sum of Four Thousand Dollars to be held by T. P. Cooper and J. W. Cooper in trust for the use and benefit of said William Cooper to be paid by us to him upon demand with Eight per cent per annum from this date until paid.

T. P. COOPER,
J. W. COOPER."

That T. P. Cooper, who since died, "transferred one-half of said sum unto said defendant (appellee) who still holds the same and ever since has so held the aforesaid deposit as trustee for the use and benefit of this plaintiff (appellant)"; that in November, 1920, appellant demanded the principal and interest then due; that appellant made no demand before said date; that appellee refused to pay the same or any part thereof and still refuses to pay the same.

Appellee filed nine paragraphs of answer, the first being a general denial. It is not necessary for the purpose of this opinion, that we describe the other paragraphs of answer. Appellant filed a separate and several reply in general denial to said paragraphs of answer. The cause was submitted to a jury for trial. At the close of appellant's testimony appellee filed a written motion for a directed verdict for the defendant, and thereupon, before the court ruled on said motion, appellant filed a written motion for a directed verdict for the plaintiff. The court overruled appellant's said motion, sustained appellee's said motion, and gave an

instruction to the jury directing it to return a verdict for appellee. The jury returned such a verdict and the court rendered judgment thereon.

Appellant having duly filed a motion for new trial, which was overruled, this appeal was perfected. The overruling of said motion is the sole error assigned.

The causes for new trial set forth in the motion and discussed in appellant's brief are: (1) error in sustaining appellee's motion for a directed verdict; (2) error in giving said instruction to the jury; (3) the verdict is not sustained by sufficient evidence; (4) the verdict is contrary to law; (5) error in overruling appellant's motion for a directed verdict.

When both parties request a directed verdict, the court is authorized to determine the facts, and the court's determination of the facts stands as would a finding of the jury in the absence of any direction. *Indpls. Trac. Co.* v. *Vaughn* (1917), 65 Ind. App. 581, 117 N. E. 673; *Deeter* v. *Burk* (1915), 59 Ind. App. 449, 107 N. E. 304, and cases cited; *Goings* v. *Davis, Director* (1924), 82 Ind. App. 231, 141 N. E. 473, 143 N. E. 174; *Kleine* v. *Houk* (1922), 78 Ind. App. 146, 134 N. E. 872.

Appellant was the only witness who testified concerning the "deposit" and the execution of the "deposit certificate."

He testified that he, appellee, and said T. P. Cooper were brothers; that a few days before December 22, 1879, he furnished them $4,000.00 to be applied on the purchase price of a certain farm which was to be bought in the name of the two brothers. The money was paid over to T. P. Cooper who put it in a bank. It was understood at the time said money was furnished that the two brothers would give appellant a "trust receipt" for it. The "trust receipt" was executed by the two brothers and given to appellant on the 22nd day of

December, 1879. Appellant put the receipt in a trunk and never looked for it until 1887, but could not find it, and appellant did not see it again until 1920 when it was discovered by accident in a court file in the office of the clerk of the Circuit Court of Marion County, Indiana. Appellant made no demand for the money until in the year 1920.

Appellant testified that he had written the body of the instrument with a lead pencil and his two brothers signed it, that he gave the money to his brothers "to buy a home for the boys;" that "the boys" did use the money in buying the home.

Appellant's testimony does not so clearly indicate that the parties intended to create a trust, that it precludes all other conclusions as to the kind of relationship which they intended to create.

Appellant contends however that an express continuing trust was created by the execution of the "deposit certificate," and cites *Gutch* v. *Fosdick* (1891), (N. J. Eq.), 22 Atl. 590, in support of said contention.

In that case the court construed a written instrument as an express trust agreement. In some respects the instrument was similiar to the instrument involved in this case, but on account of the difference in the two instruments, the reasoning used by the court in that case is not applicable here.

In construing a written instrument it must be considered as a whole. We think the "certificate of deposit" involved here is susceptible to a construction that it is in effect an acknowledgement of receipt of $4,000.00, and an agreement to pay back the money upon demand with eight per cent interest from date—or that it is in effect a promissory note.

The phrase "in trust for the use and benefit of said William Cooper" as used in the "certificate of deposit" is relied upon by appellant as an indication that a trust

was intended. "The word 'trust' is often used in a very broad and comprehensive sense. Every deposit is a direct trust." *Gutch* v. *Fosdick, supra,* quoting from Chancellor Kent in *Kane* v. *Bloodgood* (1823), 7 Johns Ch. 90.

Pomeroy, in his Equity Jurisprudence, 2nd Ed., Sec. 1009, says, "No particular technical words need be used (to declare a trust) ; even the words trust or trustee are not essential; any other words which unequivocally show an intention that the legal estate was vested in one person, but to be held in some manner or for some purpose on behalf of another, if certain as to all other requisites, are sufficient. On the other hand, if the words 'trust' or 'trustee' are employed, they do not necessarily show an intention to create or declare a trust."

"The existence of a trust express or implied, is to be determined by reference to the facts upon which it depends." *Green* v. *McCord* (1903), 30 Ind. App. 470, 473, 66 N. E. 494.

Appellant's testimony concerning the facts leading up to the execution of the "certificate of deposit," and the circumstances under which it was executed, was sufficient to sustain a finding that the word "trust" was used in its broad sense, in the instrument—in a sense which made the instrument susceptible to a construction as a promissory note; and it may therefore be assumed that the court found that the instrument was in legal effect a promissory note.

The statute of limitations which was in effect at the time the instrument was executed limited recovery on a promissory note to twenty years from the time when the right of action accrued on the note. *Kraft* v. *Thomas, Exr.* (1890), 123 Ind. 513, 24 N. E. 346. The instrument here involved being payable "upon demand," the right of action accrued on the date

thereof or December 22, 1879, and the statute of limitations limited a recovery thereon until December 22, 1899, which date was more than twenty-seven years prior to the date of filing this suit. *Kraft* v. *Thomas, supra; Hitchcock* v. *Cosper* (1905), 164 Ind. 633, 73 N. E. 264.

We hold that the verdict was sustained by sufficient evidence and that it was not contrary to law. No reversible error having been shown, the judgment is affirmed.

Bridwell, J., not participating.