## INDIANA MACARONI CO. v. MOSCAH-LADES BROS., Inc.

### No. 6002.

Circuit Court of Appeals, Third Circuit.
May 19, 1936.

Margiotti, Pugliese, Evans & Reid and Robert M. McWade, all of Pittsburgh, Pa., and B. A. Sciotto, of Johnstown, Pa., for appellant.

Jacob A. Markel, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

In the court below the plaintiff, a corporation of New York, brought suit against the defendant, a corporate citizen of Pennsylvania, and recovered a verdict for the amount of several trade acceptances which it was alleged the defendant duly executed and which were discounted by the plaintiff in due course. The plaintiff recovered a verdict, and defendant took this appeal.

On final analysis, the decisive question is a narrow one and is correctly stated in the plaintiff's counter statement of questions involved, as follows: "First: Where, at the close of the evidence, both parties move for a directed verdict without reservation, and the court finds the issues in favor of the plaintiff,—may the defendant, on appeal, impugn the court's findings, where there is substantial evidence to support the verdict?"

At the conclusion of the proofs, both parties asked for binding instructions, and thus the facts were left to the court to decide and its findings are conclusive. Beuttell v. Magone, 157 U.S. 154, 15 S.Ct. 566, 39 L.Ed. 654. In deciding the case the court stated: "Counsel in this case have taken from you the burden of determining the issues, and have placed them upon the Court. The Court will therefore instruct you to return a verdict for the plaintiff and against the defendant in the sum of $3,854.99."

The evidence adduced has been duly considered, and as there was evidence from which the court could so find for the plaintiff, it follows that the exception taken by defendant, "May I have an exception to the instruction of the court," charged no assignable error for review by this court.

So regarding, the judgment below is affirmed.