MICHIGAN CENTRAL RAILROAD COMPANY *v.* SPINDLER, ADMINISTRATOR.

[No. 28,820. Filed January 16, 1937.]

*Tuthill, Williams & Williams* and *S. C. Murray,* for appellant.

*Moore, Long & Johnson* and *Orville Nichols,* for appellee.

ROLL, J.—This is an action by appellee against appellant to recover damages for injuries sustained when an automobile driven by deceased, Benjamin Spindler, and a train operated by appellant, collided, as the result of alleged negligence on the part of appellant.

The complaint was in three paragraphs to which appellant filed a plea in abatement in two paragraphs. A demurrer was sustained to the plea in abatement and exception to this ruling was reserved. A motion to strike out parts of the second paragraph of complaint and a motion to make each paragraph of complaint more specific were also filed by appellant and each overruled, to which appellant took exceptions. The issues were closed by an answer in general denial. The cause was submitted to a jury, and at the close of plaintiff's evidence appellant filed its written motion for a verdict in its favor, in the following words:

> "Comes now the defendant at the close of the evidence of the plaintiff, and moves the court to instruct the jury to return a verdict for the defendant."

Thereupon, and before any further action was taken, appellee filed his written motion requesting a directed

verdict in his favor, which motion, omitting the formal parts, is as follows:

"Comes now the plaintiff at the close of the plaintiff's evidence, and before the defendant introduces any evidence and after the defendant has filed a written motion that the court instruct the jury to return a verdict for the defendant, and moves the court to instruct the jury to return a verdict for the plaintiff."

The subsequent proceedings after the filing of these motions, and which relate to the court's action thereon, we quote from the transcript of the record, as follows:

"The defendant's motion for the court to instruct the jury to return a verdict for the defendant is now overruled by the court, to which ruling of the court in overruling said motion the defendant at the time excepts."

"The defendant now moves the court that the trial proceed before the Jury and that the defendant be permitted to introduce its evidence in defense, to which motion the plaintiff objects for the reason that plaintiff's motion for a directed verdict has not been ruled upon."

"Plaintiff's objection is sustained and the defendant's motion to proceed with the trial before the jury is denied, to which ruling of the court in denying the defendant's motion the defendant at the time excepts."

"Plaintiff's motion to direct the Jury to return a verdict for the plaintiff is now sustained by the court, to which ruling of the court in sustaining plaintiff's motion, the defendant at the time excepts."

"The defendant objects to the discharging of the Jury by the court, which objection is overruled by the court, to which ruling the defendant excepts and the Jury are now discharged, to the discharge of the Jury by the court, the defendant excepts."

"This cause is now taken under advisement by the court."

No further action was had for approximately one week, and then the court below made its finding in favor of appellee that appellee "recover damages of and from

the defendant in the amount of $2,999.99, and costs of this action." Judgment in accordance with the decision was then rendered. In due course appellant filed its motion for a new trial which was overruled, and appellant excepted. This appeal followed, the errors assigned and relied upon for reversal that are discussed by appellant in its brief under the heading "Propositions, Points, and Authorities," being alleged error in sustaining the demurrer to appellant's plea in abatement; in overruling the motion to make each paragraph of the complaint more specific; and in overruling the motion for a new trial. The causes for a new trial contained in said motion, and properly presented for review here under the alleged error in the overruling of said motion, are: That the decision of the court is not sustained by sufficient evidence; that said decision is contrary to law; error "in refusing to direct the jury to return a verdict for the defendant at the close of plaintiff's evidence"; error "in refusing to allow defendant to submit its evidence to the jury after the court had overruled defendant's motion to direct the jury to return a verdict for the defendant at the close of all (of) plaintiff's evidence"; error "in discharging and dismissing the jury over the objections of the defendant, and refusing to allow said jury to hear the evidence of the defendant in said cause"; and error "in refusing defendant its constitutional right that the jury pass upon and decide all questions of fact submitted at the trial of this cause."

Appellant filed an answer in general denial to appellee's first paragraph of complaint, and afterwards appellee filed his second and third paragraphs of complaint, to which appellant addressed a plea in abatement, in which appellant alleged in substance that appellant did not control, operate or possess power over any of the right-of-way, railroad tracks, rolling stock or any of the property whether fixed or movable, as alleged in

plaintiff's second and third paragraphs of complaint, either separately or with others; that it did not hire, employ or control any of the servants or employees or agents alleged to have been engaged in the operation of said train, or any of the signals, bells or electric-appliances; that all were operated, maintained and controlled by the New York Central Railroad, a corporation, and that appellant did not know or have any information concerning said accident, until it was served with summons in the action. Appellee's demurrer to the plea in abatement was on the ground that it did not state facts sufficient to abate the action. The memorandum to the demurrer was as follows:

"1. Defendant's answer in abatement is filed about a year after an answer in bar to the first paragraph of plaintiff's complaint."
"2. The matters pleaded constitute an answer in bar, and not in abatement."

Appellee's second and third paragraphs of complaint to which the plea in abatement was addressed alleged in substance that the train involved in the accident, ▮▮ the tracks, signs, etc., were owned and operated by appellant. These were material allegations and must be proven at the trial, in order for appellee to recover. The facts alleged in the plea in abatement, if true and proven at the trial upon the merits, would constitute a complete defense to the action. Matters which merely controvert allegations of fact alleged in the complaint cannot properly be pleaded in abatement of the action. *Chicago, etc., Stone Co.* v. *Nelson* (1904), 32 Ind. App. 355, 360, 69 N. E. 705; *Peters* v. *Banta* (1889), 120 Ind. 416, 423, 22 N. E. 95, 23 N. E. 84; Watson's Rev. Works Practice & Forms, Vol. 1, §546. The court did not err in sustaining appellee's demurrer to appellant's plea in abatement.

Appellant's motion to require appellee to make each

paragraph of complaint more specific sought to have appellee state facts concerning the surroundings ██ at the place of the accident, whether or not there was anything that obstructed the view of appellant's tracks west of the intersection and facts concerning the conduct of the deceased as he approached the crossing where the accident occurred. These facts, had they been incorporated in appellee's complaint, would have related to the question of whether the deceased was in any way guilty of contributory negligence. Contributory negligence is a matter of defense, and the burden of proving such a defense is on defendant in a personal injury case or in an action to recover for the wrongful death, and plaintiff's complaint need not show freedom from contributory negligence.

Appellant contends that the court erred in overruling his motion for a new trial, and his reason is ██ predicated upon the court's action in withdrawing the case from the jury.

The record as above set out discloses that at the close of appellee's evidence, appellant filed a motion for a directed verdict in its favor. Before the court ruled upon appellant's motion appellee likewise filed his motion for a directed verdict in his favor. The court denied appellant's motion, whereupon, and before the court ruled upon appellee's motion, appellant made a motion that the trial proceed before the jury and that defendant be permitted to introduce its evidence in defense. Appellee objected to this motion, and the court sustained the same, and then sustained appellee's motion for a directed verdict. The court then discharged the jury and took the case under advisement for approximately a week and then entered a finding for plaintiff, and rendered judgment accordingly. Appellant reserved proper exceptions to each ruling of the court on the

various motions and now presents the correctness of such rulings to this court on this appeal.

As far as we have been able to discover, this precise question has never been presented to this or the Appellate Court of this state for decision.

Appellee states the general rule thus, "A general request for a directed verdict joined in by the other party amounts to a waiver of the jury," and cites *Deeter* v. *Burk* (1915), 59 Ind. App. 449, 107 N. E. 304; Watson's Pleading and Practice, §1691. The above case and the following cases cited by appellee contain language which lend some support to appellee's contention. *Indianapolis T. & T. Co.* v. *Vaughn* (1917), 65 Ind. App. 581, 117 N. E. 673; *Kleine* v. *Houk* (1922), 78 Ind. App. 146, 134 N. E. 872 (which cites as authority *Deeter* v. *Burk*); *Goings* v. *Davis* (1924), 82 Ind. App. 231, 141 N. E. 473, 143 N. E. 174; *Continental Casualty Co.* v. *Klinge* (1924), 82 Ind. App. 277, 144 N. E. 246; *McKinney* v. *Crawford* (1927), 87 Ind. App. 431, 155 N. E. 185; *Connersville Hydraulic Co.* v. *City of Connersville* (1932), 95 Ind. App. 234, 173 N. E. 641; *Cooper* v. *Cooper* (1935), 100 Ind. App. 252, 193 N. E. 722.

Appellant says that the fact that it requested the court to proceed with the trial and permit it to submit its evidence to the jury takes the case out of the general rule as stated by appellee and that it, by so requesting the submission of the case to the jury, rebuts the presumption that it waived its right to a jury trial, and hence the court was in error in discharging the jury.

In the case of *Indianapolis Traction, etc., Co.* v. *Vaughn, supra,* it might be well to note that the court made the following observation (p. 582):

> "The record discloses also that, after appellant's motion had been overruled and appellee's motion had been granted, *no request on appellant's part was made that the whole case, or any part of it, should be left with the jury for their consideration.*

Under such a state of facts the request of both parties for a directed verdict amounts to an admission that there was no conflict in the testimony and a request that the facts be determined by the trial court. *Deeter* v. *Burk* (1915), 59 Ind. App. 449, 107 N. E. 304, 306, and cases cited. And the finding made by the court is conclusive here if there is any evidence to support it. *Deeter* v. *Burk, supra; Merwin* v. *Magone* (1895), 70 Fed. 776, 17 C. C. A. 361.

"The same proposition has been stated in this language: 'The effect of a request by each party for a direction of a verdict in his favor clothed the court with the functions of the jury, and it is well settled that in such a case where the party whose request is denied *does not thereupon request to go to the jury on the facts,* a verdict directed for the other party stands as would the finding of a jury for the same party, in the absence of any direction, . . . All the controverted facts and all inferable facts in support of the judgment will be deemed conclusively established in favor of the party for whom the verdict was directed.' *Thompson* v. *Simpson* (1891), 128 N. Y. 270, 283, 28 N. E. 627, 630." (Our italics.)

It is pointed out in the above Appellate case, and also in the New York case above quoted, that no request was made by the losing party, to submit the case to the jury. While it might be said that the part above italicized was mere *obiter dictum* in these cases, yet we think it significant, that the Appellate Court made the observation above pointed out. It will also be noted that the other cases cited by appellee and above cited do not discuss the rule but, after stating the general rule as contended by appellee, cite previous Indiana Appellate Court cases. It will also be observed that the Indiana Appellate Court evidently followed the New York cases as well as the United States Supreme Court. The case of *Beuttell* v. *Magone* (1895), 157 U. S. 154, 15 S. Ct. 566, 39 U. S. (L. Ed.) 654, lays down the same general rule as is stated in the Indiana Appellate Court cases above cited, but in the case of *Charlotte Nat. Bank of*

*Charlotte, N. C.* v. *Southern Ry. Co.* (1910), 179 Fed. 769, the trial court miscomprehended the rule laid down in the *Beuttell* v. *Magone* case and extended the rule to include cases, where both parties, at the close of all the evidence not only requested peremptory instructions, but also and at the same time tendered special instructions touching various phases of the case to be given in the event their peremptory instructions were refused. The trial court held (p. 772) :

> " 'These two requests for instruction as stated, presented as set forth, do not waive the service of the jury in the case, but in the opinion of the court, following the decision of the Supreme Court of the United States, in the case of *Beuttell* v. *Magone,* [157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654], the action of counsel in thus presenting for each party, at the close of the testimony, a request to the court, in writing, to instruct a verdict, does affirm that there is no disputed question of fact which can operate to deflect or control the question of law involved in this case.'
>
> " 'So, therefore, the court, without assigning reasons, which it deems unnecessary at this time (reserving, however, the privilege or the right to file in the case reasons at length, in support of the action taken by the court) instructs the jury, in response to the defendant's request, to return a verdict in behalf of the defendant.' "

Upon appeal to the Circuit Court of Appeals, Fourth Circuit Judge Goff, speaking for the court, said (p. 774) :

> "We are impelled to the conclusion that the learned judge of the court below was in error when he held that the rule announced by the Supreme Court in *Beuttell* v. *Magone,* 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654, was applicable to the conditions shown by the record to have existed in the case at bar at the time he directed the verdict complained of. It appears that not only the plaintiff, but also the defendant below, at the close of the testimony, requested peremptory instructions in their favor, and that they also at the same time asked for special instructions—to be given in the

event the peremptory requests were denied—some of them relating to the conflicting evidence from which it was apparent that divergent inferences could be drawn. The court properly held that the requests by both plaintiff and defendant for verdicts in their favor by direction, did 'not waive the service of the jury,' but mistakenly concluded that such requests affirmed that there were no disputed questions of fact which he should submit to the consideration of the jury. On this point, and as conclusive of it, we quote from the case of *Empire State Cattle Co.* v. *Atchison, Topeka & Santa Fe Railway Co.*, 210 U. S. 1, 8, 28 Sup. Ct. 607, 609, 52 L. Ed. 931, as follows:

" 'It was settled in *Beuttell* v. *Magone, supra,* that where both parties request a peremptory instruction and do nothing more, they thereby assume the facts to be undisputed, and in effect submit to the trial judge the determination of the inferences proper to be drawn from them. But nothing in that ruling sustains the view that a party may not request a peremptory instruction, and yet, upon the refusal of the court to give it, insist, by appropriate requests, upon the submission of the case to the jury, where the evidence is conflicting or the inferences to be drawn from the testimony are divergent. To hold the contrary would unduly extend the doctrine of *Beuttell* v. *Magone,* by causing it to embrace a case not within the ruling in that case made. The distinction between a case like the one before us and that which was under consideration in *Beuttell* v. *Magone* has been pointed out in several recent decisions of Circuit Courts of Appeals. It was accurately noted in an opinion delivered by Circuit Judge Severens, speaking for the Circuit Court of Appeals for the Sixth circuit, in *Minahan* v. *Grand Trunk Ry. Co.*, 138 Fed. 37, 41 [70 C. C. A. 463], and was also lucidly stated in the concurring opinion of Shelby, Circuit Judge, in *McCormick* v. *National City Bank of Waco*, 142 Fed. 132, [73 C. C. A. 350], where, referring to *Beuttell* v. *Magone,* he said (page 133 [142 Fed., page 351, 73 C. C. A.]) :

" 'A party may believe that a certain fact which is proved without conflict or dispute entitles him to a verdict. But there may be evidence of other, but controverted facts, which, if proved to the satis-

faction of the jury, entitle him to a verdict, regardless of the evidence on which he relies in the first place. It cannot be that the practice would not permit him to ask for peremptory instructions, and, if the court refuses, to then ask for instructions, and, if the court refuses, to then ask for instructions submitting the other question to the jury. And if he has the right to do this, no request for instructions that his opponent may ask can deprive him of the right. There is nothing in *Beuttell* v. *Magone, supra,* that conflicts with this view when the announcement of the court is applied to the facts of the case as stated in the opinion.

"In New York there are many cases showing conformity to the practice announced in *Beuttell* v. *Magone,* but they clearly recognize the right of a party who has asked for peremptory instructions to go to the jury on controverted questions of fact if he asks the court to submit such questions to the jury. *Kirtz* v. *Peck,* 113 N. Y. 226, 21 N. E. 130; *Sutter* v. *Vanderveer,* 122 N. Y. 652, 25 N. E. 907.

" The fact that each party asks for a peremptory instruction to find in his favor does not submit the issues of fact to the court so as to deprive the party of the right to ask other instructions, and to except to the refusal to give them, nor does it deprive him of the right to have questions of fact submitted to the jury if issues are joined on which conflicting evidence has been offered. *Minahan* v. *G. T. W. Ry. Co.,* 138 Fed. 37 [70 C. C. A. 463]."

"From this it follows that the action of the trial court in giving the peremptory instruction to return a verdict for the railway company cannot be sustained merely because of the request made by both parties for a peremptory instruction in view of the special requests asked on behalf of the plaintiffs.' "

If we should hold that the rule as announced in *Deeter* v. *Burk, supra,* and the other Appellate Court cases above cited as construed by appellee were controlling and decisive of the question here involved, we would be extending the rule laid down in those cases by causing them to embrace a case not within the ruling in those cases made. In all of the Indiana cases above cited

nothing was done by the losing party after his motion for a directed verdict was denied. No motion was filed or any request made to submit the case or any part of it to the jury. In such a case we again affirm the correctness of the rule, that where both parties request a peremptory instruction and *do nothing more,* they thereby assume the facts to be undisputed and in effect submit to the trial judge the determination of the facts and all inferences proper to be drawn therefrom. But such is not the facts in the case before us. Here appellant, after his motion was denied, and before the court had made any ruling on appellee's motion, *moved that the trial proceed before the jury and that it be permitted to introduce its evidence in defense.* We think the facts in this case come clearly within the rule announced in *Empire State Cattle Co.* v. *Atchison, Topeka & Santa Fe Railway Co., supra; Wells* v. *Lloyd* (1935), (Cal. App.), 47 Pac. (2d Ed.) 761; *Perkins* v. *Board of Commissioners* (1913), 88 Ohio St. 495, 103 N. E. 377; *Sioux Nat. Bank* v. *Lundberg* (1929), 54 S. D. 581, 223 N. W. 826; *Shultes* v. *Sickles* (1895), 147 N. Y. 704, 41 N. E. 574, 42 N. E. 723; *McCormick* v. *National City Bank of Waco, supra,* and cases there cited; *Koehler* v. *Adler* (1879), 78 N. Y. 287; *Pittsburgh C. C. & St. L. Ry. Co.* v. *Luthy* (1923), 112 Ohio St. 321, 147 N. E. 336. We are also of the opinion that the correctness of this rule was recognized by the Appellate Court of this state in *Indianapolis Traction, etc., Co.* v. *Vaughn, supra.* From the above cases we conceive the rule to be that, where both parties request the court to direct a verdict in their favor either at the close of plaintiff's evidence, or at the close of all the evidence, and upon the refusal of the court to give it, the party whose motion is denied may insist by appropriate request upon proceeding with the trial, the same as if no motions at all had been made, if the motions are made at the close of plaintiff's evi-

dence or if the motions are made at the close of all the evidence, if the evidence is conflicting or the inferences to be drawn therefrom are divergent.

Some of the language used by the court in the Indiana Appellate Court cases and in fact in the other cases above cited is not exactly accurate. The rule as stated by appellee, to-wit, that the filing of a motion for a directed verdict by both parties is, of itself, a waiver of a jury is not correct and a careful reading of the authorities does not sustain this conclusion. Suppose the defendant alone filed a motion for a directed verdict at the close of plaintiff's evidence, but the plaintiff made no motion at all and under such circumstances the court denied the defendant's motion and directed a verdict for the plaintiff. If the defendant made no objection to such action and made no request to continue the trial and submit the case to the jury, could he be heard to complain? He certainly could not, but he would have room for complaint if after the court overruled his motion for a directed verdict he requested the court to proceed with the trial and that he be permitted to introduce his evidence to the jury, for in such a case it seems clear that he did not waive his right to a jury. If this be true would it not be strange reasoning to hold that because plaintiff filed a motion for a directed verdict at the time the defendant filed his motion, to say that such action on the part of the plaintiff would have the legal effect of waiving a jury for and on behalf of the defendant. We do not think anyone can waive the defendant's right of a trial by a jury, except the defendant himself. If the defendant in the case at bar had waived a jury trial it must be found in something he had done or failed to do himself rather than something the plaintiff has done. So we conclude that the filing of the motions themselves does not constitute the waiver, but it is the failure to object to the withdrawal of the case from the

jury that constitutes the waiver. We think this proposition was clearly recognized by the Supreme Court of the United States in the case of *Beuttell* v. *Magone, supra,* and also the case of *Empire State Cattle Co.* v. *Atchison, etc., Co., supra.* Indeed the early cases decided by the Appellate Court of this state recognize this rule.

So we conclude the correct rule to be that the filing of a motion for a directed verdict by each party does not of itself have the legal effect of a waiver of a jury, but if such motions are filed and nothing further is done, and each party stands by and acquiesces in the action of the court in directing a verdict, or in discharging the jury, they will be deemed to have waived their right to a jury and cannot afterwards complain. But if the party whose motion is denied requests the court to proceed with the trial or submit the questions of fact to the jury, such motion or request should be granted and the court would commit reversible error to direct a verdict or discharge the jury over his objection. We think this rule is fully supported by the above authorities and that the case at bar clearly comes within its terms.

But in the case at bar, as soon as the court denied his motion for a peremptory instruction and before the court had made any ruling on plaintiff's motion, he made a motion to proceed with the trial and be permitted to introduce his evidence. It would seem that any presumption that a jury had been waived by appellant was completely rebutted by such a request. We can see no sufficient reason why a party to an action should not have the right to present to the court such legal questions as he thinks arise upon the testimony without the penalty of losing his right to have the jury pass upon evidence which comes from interested witnesses, or is of such character that honest men might differ in the conclusions to be drawn from it. It

was said in *Pittsburgh C. C. & St. L. Ry. Co.* v. *Luthy, supra,* that (p. 327) :

> "If the procedure here adopted were to be approved, counsel for defendant could never make a motion for a directed verdict, and thus endeavor to procure the opinion and judgment of a trial court upon a question of law, without jeopardizing the right of his client to have a submission of his cause to the jury, for he would know that in the event counsel for the plaintiff made a similar motion the court might immediately determine not only questions of law but questions of fact in behalf of plaintiff."

To adopt the views of the trial court upon this question much time of courts and litigants would be consumed without any justifiable excuse. It is at once apparent that even though the attorney for a defendant, at the close of plaintiff's evidence, was confident that the evidence was insufficient to make a case in favor of plaintiff he would nevertheless hesitate to make a motion for a directed verdict. This would be true, especially, if he thought he could disprove some or all of plaintiff's evidence, or could prove an affirmative answer. The result would be very generally that the defendant would not make such a motion, but would proceed with the useless trial which in many instances might last for days, and in some perhaps weeks. This can all be avoided under the view we take of the law on this subject. Under our holding, the defendant would not hesitate to make his motion for a directed verdict. If plaintiff's evidence was insufficient under the law, defendant's motion would be sustained, thereby obviating the ridiculous spectacle of a defendant defending an action when there is in fact no action to defend.

We therefore conclude that the trial court was in error in denying appellant's motion to proceed with the trial and that he be permitted to introduce its evidence.

Judgment reversed with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.